JS 44 (Rev. 12/07) (CAND Rev. 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
AEVOE CORPORATION, a California Corporation

**DEFENDANTS**
STANLEY PACE, an Individual; and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)
Santa Clara

County of Residence of First Listed Defendant **Denton, Texas** (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BAUTE CROCHETIERE & MALONEY LLP
777 South Figueroa Street
Suite 4900
Los Angeles, CA 90017
(213) 630-5000

Attorneys (If Known)

CV11-03215 MEJ

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Secs. 1125(a)-(d), 1117, 1114
Brief description of cause:
False desig. of origin; trademark infringement & dilution; Cal. Unfair competition; etc.

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND [X] SAN JOSE [ ] EUREKA

DATE June 28, 2011

SIGNATURE OF ATTORNEY OF RECORD Henry C. Wang

NDC-JS44

BAUTE CROCHETIERE & MALONEY LLP
Henry C. Wang (SBN 196537)
hwang@bautelaw.com
Candice J. Hyon (SBN 272261)
chyon@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Plaintiff*
AEVOE CORPORATION

Filed
JUN 28 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

AEVOE CORPORATION, a California Corporation,

    Plaintiff,

vs.

STANLEY PACE, an individual; and DOES 1 through 10, inclusive,

    Defendants.

CASE NO.: CV11-03215 MEJ

**COMPLAINT FOR:**

1. **FALSE DESIGNATION OF ORIGIN;**
2. **TRADEMARK INFRINGEMENT;**
3. **TRADEMARK DILUTION;**
4. **CALIFORNIA UNFAIR COMPETITION;**
5. **CALIFORNIA DILUTION; AND COMMON LAW TRADEMARK INFRINGEMENT;**
6. **UNFAIR COMPETITION; AND**
7. **VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

135433.4

COMPLAINT

Plaintiff Aevoe Corporation d/b/a Moshi, ("Moshi") files this action against Defendant Stanley Pace and Does 1-10 (collectively, "Defendants") for injunctive relief and damages under the laws of the United States and the State of California, as follows:

### SUMMARY OF ACTION

1. Based in Sunnyvale, California, Moshi is a leading internet retailer of high-end personal electronic devices. Defendants, without the authorization and/or consent of Moshi, have registered and used the internet address of "moshi.com" to create and maintain a "parked" website for which the owner makes no use of the website for sales of products or services or dissemination of information. Indeed, the website "moshi.com" offers no services or product except for links to other websites that offer free internet games, in addition to an explicit offer to sell the "moshi.com" domain. Defendants also made an express offer to sell the "moshi.com" domain name to Moshi. Consistent with their cybersquatting tactics, Defendants have registered and own tens of thousands of domain names, and on information and belief, many of those websites are also "parked" for no legitimate commercial purpose.

2. Because Defendants' internet address is identical to Moshi's federally registered trademark Moshi® (words) Federal Registration No. 3,786,992, ("MOSHI"), Moshi's customers or potential customers who type its domain name "moshi.com" will access Defendants' "parked" website, and the public is likely to be confused into believing that Moshi is no longer doing business and/or that Moshi sponsors or approves of such website when it does not. Furthermore, Moshi demanded Defendants cease their unlawful activities, but Defendants have refused. Like all cyber-extortionists, Defendants have demanded Moshi pay a ransom for the "moshi.com" domain name, therefore making Defendants' continuing actions in knowing and willful violation of Moshi's rights.

3. Moshi seeks an injunction to stop Defendants' trademark infringement, false designation of origin, dilution and tarnishment of the distinctive quality of Moshi's trademark and unfair competition, transfer of the domain name "moshi.com," and monetary damages to compensate Moshi for the harms Defendants have caused.

## JURISDICTION

4. This Court has subject matter jurisdiction over the claims in this action which involve false designation of origin, trademark infringement, federal trademark dilution and unfair competition pursuant to the provisions of 15 U.S.C. § 1121, 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The claims alleged in this action arose in the Northern District of California; and the Defendants' conducts have impacted Moshi in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil L.R. 3-2(c), this "Intellectual Property Action" is subject to assignment on a district-wide basis.

## PARTIES

8. Plaintiff Aevoe Corporation is a corporation organized and existing under the laws of the State of California with its principal place of business in Sunnyvale, California, and does business in the Northern District of California. Aevoe does business under the name of MOSHI.

9. Defendant Stanley Pace ("Pace") is an individual who, upon information and belief, resides in the State of Texas. Moshi is further informed and believes that Pace is the owner, operator and/or principal of the website "moshi.com", and that he controlled, directed and/or participated in the activities complained of in this Complaint.

10. Defendants Does 1-10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown at this time. This Complaint will be amended appropriately when their names and capacities are ascertained.

135433.4     2     COMPLAINT

11. On information and belief, Moshi alleges that each such fictitiously named defendant is responsible in some manner for the occurrences alleged herein.

12. Defendants Pace and Does 1-10 are hereafter referred to collectively as "Defendants."

13. Defendants, and each of them, are individuals and business entities which Moshi alleges, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged in this Complaint. Moshi is informed and believes, and on that basis alleges, that at the time of the events alleged in this Complaint, certain of the Defendants, and each of them, were the agents and employees of the remaining Defendants, and were acting within the scope and authority of that agency and employment, with the knowledge, consent and approval of the other Defendants.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

The Nature of Moshi's Business

14. Moshi, founded in 2005, is a leading internet retailer of high-end personal electronic devices. Moshi has used continuously the federally registered trademark MOSHI, (words) Federal Registration No. 3,786,992 in commerce since 2005, and has expended a great deal of effort and resources in building the reputation and goodwill associated the MOSHI mark.

Defendants' Unlawful Conduct

15. Moshi is informed and believes, and on that basis alleges, that Defendants have "parked" a website on the domain name "moshi.com" in bad faith. A "parked" website does not sell any products, offer any services or disseminate any information. Indeed, "moshi.com" offers no services or product on that website except for a few links to other websites that offer free internet games. Hence, when customers or potential customers seek to enter Moshi's website by its federally registered name of MOSHI the customer or potential customer will, without notice, enter a nondescript "parked" site that offers links to free internet games, rather than Moshi's website in which the customers or potential customers expect to find themselves.

16. In addition to offering links to free internet game sites, the "moshi.com" website explicitly offers to sell the "moshi.com" domain name to the public. Consistent with their intent to profit from their cybersquatting scheme, Defendants also made an express offer to sell the "moshi.com" domain name to Moshi. In an effort to rectify this scheme of misdirection and confusion, Moshi requested Defendants to transfer "moshi.com" to Moshi. Defendants responded to Moshi's request with a monetary demand that increased over time, thereby forcing Moshi to send a letter demanding that Defendants immediately cease and desist from any further use of any trade name and trademark which is similar to the MOSHI mark.

17. Notwithstanding the foregoing, Defendants continued to maintain the "parked" website under the "moshi.com" address without the authorization and/or consent of Moshi. Defendants' unauthorized use of the "moshi.com" domain name creates the false impression that Defendants' website is created or otherwise authorized by Moshi, when such, in fact, is not true. Defendants' acts are likely to cause confusion as to the origin, sponsorship and approval of their website and as to the affiliation, connection or association of Defendants and their website to Moshi because visitors to the website will mistakenly believe that the website is either Moshi's or sponsored or approved by it.

18. Moreover, Defendants' use of the "moshi.com" domain name in connection with a "parked" website that offers links to free video games tarnishes and diminishes the reputation and goodwill associated with the well-known MOSHI mark, thereby causing irreparable economic damage to Moshi.

19. Defendants' conduct constitutes false designation of origin, unfair competition, and causes Moshi to suffer irreparable injuries, including injury to its reputation and goodwill and the dilution of the distinctive quality of its mark, for which it has no adequate remedy at law.

20. Such conduct by Defendants was and continues to be willful and in knowing violation of the law, and without the authorization of Moshi.

## FIRST CLAIM FOR RELIEF

[Violation of The Lanham Act, 15 U.S.C. § 1125(a); False Designation Of Origin, False Description And False Representation Against All Defendants]

21. Moshi realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 20, inclusive.

22. Moshi owns the distinctive and famous trademark MOSHI which is widely recognized as originating with Moshi.

23. Defendants' unauthorized use of Moshi's mark and colorable imitations thereof to attract viewers to Defendants' website constitutes a false designation of origin, a false or misleading description of fact and a false or misleading representation of fact that Defendants' "parked" website and the links to free internet games contained therein originate with, are sponsored or approved by Moshi, and/or that Defendants and their website are affiliated with, connected to or associated with Moshi.

24. Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of such products and as to the affiliation, connection or association of Defendants and the website with Moshi, and constitute willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. As a result of Defendants' activities, Moshi has suffered damage, including injury to its business reputation and goodwill, in an amount not yet precisely ascertained.

26. The activities of Defendants as alleged in this Complaint have caused and will cause irreparable harm to Moshi for which Moshi has no adequate remedy at law in that: (i) if the wrongful conduct continues, consumers are likely to become further confused as to the source, origin or sponsorship of the website and the information contained therein; (ii) if the wrongful conduct continues, consumers are likely to become further confused as to the affiliation, connection or association of Defendants and the website with Moshi; (iii) the infringement by Defendants constitutes an interference with Moshi's goodwill, reputation and customer relationships; and (iv)

1  Defendants' wrongful conduct, and the damages resulting to Moshi, is continuing. Accordingly,
2  Moshi is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

3  27. Moshi is also entitled to recover its attorney fees and costs of suit pursuant to
4  15 U.S.C. § 1117.

### SECOND CLAIM FOR RELIEF

[Violation of the Federal Trademark Act, § 15 U.S.C. § 1114; Trademark Infringement Against All Defendants]

28. Moshi realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 27, inclusive.

29. Moshi has advertised and promoted its products and services under its MOSHI trademark and as a result of this advertising and promotion, these products and services have come to mean and are understood to mean the products and services of Moshi, and are the means by which those products and services are distinguished from those of others in the same and in related fields.

30. The mark is inherently distinctive, and because of the long, continuous and exclusive use of the MOSHI mark, the mark has acquired a secondary meaning associated by purchasers and the public with Moshi's products and services. Moshi's mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

31. Defendants' activities as alleged in this Complaint constitute unauthorized use in California and in interstate commerce of a reproduction counterfeit, copy, and/or colorable imitations thereof. Such activities are likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants and the website with Moshi and the origin, source or approval of the products.

32. Further, the activities of Defendants are intended and likely to lead the public to conclude, incorrectly, that the products and services offered, displayed, reproduced, solicited for distribution, distributed, advertised and/or marketed by Defendants originate with, are sponsored by,

1 or are approved by Moshi, and that Defendants and the website are affiliated, connected or
2 associated with Moshi, to the damage and harm of Moshi, its customers, distributors and the public.

3     33.    Moshi is informed and believes, and on that basis alleges, that Defendants
4 have committed the acts alleged above with previous knowledge of Moshi's prior use and superior
5 rights to the mark, and with previous knowledge of the reputation of the mark in interstate
6 commerce. Further, Defendants' actions were for the willful and calculated purpose of trading upon
7 Moshi's goodwill and for the willful and calculated purpose of harming the goodwill of the mark and
8 Moshi's reputation and goodwill.

9     34.    Defendants' activities constitute willful and deliberate infringement of
10 Moshi's federally registered trademark in violation of the Lanham Trademark Act, including, but not
11 limited to, 15 U.S.C. § 1114(l). As a result of the foregoing, Moshi has been damaged in an as yet
12 unascertained amount. In addition, Moshi is entitled to treble its actual damages pursuant to 15
13 U.S.C. § 1117(b). Alternatively, since Defendants' conduct is willful and malicious, Moshi is
14 entitled to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

15     35.    The activities of Defendants as alleged in this Complaint have caused and will
16 cause irreparable harm to Moshi for which Moshi has no adequate remedy at law in that (i) if the
17 wrongful conduct continues, consumers are likely to become further confused as to the source, origin
18 or approval of the website and the products and services contained therein; (ii) if the wrongful
19 conduct continues, consumers are likely to become further confused as to the affiliation, connection
20 or association of Defendants and the website with Moshi; (iii) the infringement by Defendants
21 constitutes an interference with Moshi's goodwill, reputation and customer relationships; and (iv)
22 Defendants' wrongful conduct, and the damages resulting to Moshi, is continuing. Accordingly,
23 Moshi is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

24     36.    Moshi is also entitled to recover its attorneys' fees and costs of suit pursuant
25 to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

[Violation of the Federal Anti Dilution Act, 15 U.S.C. § 1125(c); Federal Trademark Dilution Against All Defendants]

37. Moshi realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36, inclusive.

38. The MOSHI mark is inherently distinctive and has acquired distinction from other marks through Moshi's long and continuous use of the mark in connection with its goods and services.

39. Moshi has advertised and promoted its products throughout the world under its mark, and as a result of this advertising and promotion, these products and the mark have come to mean and are recognized in worldwide trading areas and channels of trade as the products of Moshi.

40. Moshi's mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

41. Defendants' activities as alleged in this Complaint constitute unauthorized use in California and in interstate commerce of Moshi's mark. Defendants' activities were conducted with full recognition of Moshi's use of the mark in worldwide trading areas and channels of trade, and commenced after the mark had become famous. Such activities have and will continue to cause dilution of the distinctive quality of the mark by lessening its capacity to identify and distinguish Moshi's goods and services to the damage and harm of Moshi, its customers, distributors and the public, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c)(1).

42. The activities of Defendants as alleged above have caused and will cause irreparable harm to Moshi for which Moshi has no adequate remedy at law in that (i) if the wrongful conduct continues, Moshi's mark risks further dilution; and (ii) Defendants' wrongful conduct, and the damages resulting to Moshi, is continuing. Accordingly, Moshi is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1125(c)(1).

43. Moshi is informed and believes, and on that basis alleges, that Defendants have committed the acts alleged above: (i) with previous knowledge of Moshi's prior use of the

1 mark; (ii) with the willful intent to trade on Moshi's goodwill and reputation; and (iii) with the
2 willful intent to cause dilution of the mark. As a result, Moshi has been damaged in an as yet
3 unascertained amount. In addition, Moshi is entitled to treble damages pursuant to 15 U.S.C. §
4 1117.

5      44.    Moshi is also entitled to recover its attorneys' fees and costs of suit pursuant
6 to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

[Violation of California Business & Professions Code § 17200, *et seq.*; California Unfair Competition Against All Defendants]

10      45.    Moshi realleges, and incorporates by this reference, each and every allegation
11 set forth in paragraphs 1 through 44, inclusive.

12      46.    The acts and conduct of Defendants as alleged in this Complaint violate
13 California Business & Professions Code § 17200, *et seq.*

14      47.    Defendants' conduct as alleged above has damaged and will continue to
15 damage Moshi's goodwill and reputation and has resulted in a loss of profits to Moshi in an as yet
16 unascertained amount.

17      48.    As a proximate result of the above mentioned acts of Defendants, Moshi is
18 entitled to its actual damages and to preliminary and permanent injunctive relief to prohibit
19 Defendants' from infringing Moshi's rights under California law, and for appropriate delivery of all
20 infringing materials for destruction.

## FIFTH CLAIM FOR RELIEF

[Violation of California Business & Professions Code § 14330, *et seq.*; California Antidilution Act Against All Defendants]

24      49.    Moshi realleges, and incorporates by this reference, each and every allegation
25 set forth in paragraphs 1 through 48, inclusive.

26      50.    The acts and conduct of Defendants as alleged in this Complaint violate
27 California Business & Professions Code § 14330, *et seq.*

51. Defendants' conduct as alleged above has damaged and will continue to damage Moshi's goodwill and reputation and/or that the distinctive value of its mark is or is likely to be diluted, which has resulted in a loss of profits to Moshi in an as yet unascertained amount.

52. As a proximate result of the above mentioned acts of Defendants, Moshi is entitled to its actual damages and to preliminary and permanent injunctive relief to prohibit Defendants' from infringing Moshi's rights under California law, and for appropriate delivery of all infringing materials for destruction.

### SIXTH CLAIM FOR RELIEF

[Violation of California Common Law, Trademark Infringement and Unfair Competition; Against All Defendants]

53. Moshi realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 52, inclusive.

54. The activities and conduct of Defendants as alleged in this Complaint: constitute (i) an unfair competition at common law; and (ii) improper and unfair competition with Moshi.

55. Defendants' conduct as alleged above has damaged and will continue to damage Moshi's goodwill and reputation and has resulted in a loss of profits to Moshi in an as yet unascertained amount.

56. As a proximate result of the above mentioned acts of Defendants, Moshi is entitled to its actual damages, trebled, and to preliminary and permanent injunctive relief to prohibit Defendants' from infringing Moshi's rights under common law, and for appropriate delivery of all infringing materials for destruction.

### SEVENTH CLAIM FOR RELIEF

[Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) Against All Defendants]

57. Moshi realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56 inclusive.

58. Defendants' activities alleged in this Complaint constitute a bad faith intent to profit from Moshi's federally registered mark MOSHI, in that they have registered, trafficked in, or used a domain name that is identical or confusingly similar to the MOSHI mark.

59. The activities of Defendants as alleged above have caused and will cause irreparable harm to Moshi for which Moshi has no adequate remedy at law in that (i) if the wrongful conduct continues, Moshi's mark risks further dilution; and (ii) Defendants' wrongful conduct, and the damages resulting to Moshi, is continuing. Accordingly, Moshi is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1125(c)(1).

60. Moshi is informed and believes, and on that basis alleges, that Defendants have committed the acts alleged above: (i) with previous knowledge of Moshi's prior use of the mark; (ii) with the willful intent to trade on Moshi's goodwill and reputation; and (iii) with the willful intent to cause dilution of the MOSHI mark. As a result, Moshi has been damaged in an as yet unascertained amount. In addition, Moshi is entitled to treble damages pursuant to 15 U.S.C. § 1117.

61. Moshi is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117, and transfer of the "moshi.com" domain name to Moshi.

**PRAYER**

WHEREFORE, Moshi respectfully requests judgment as follows:

a. That the Court enter a judgment against Defendants, that they have:

  i. committed and are committing acts of false designation of origin, false or misleading description of fact and false or misleading representation of fact against Moshi as defined in 15 U.S.C. § 1125(a);

  ii. infringed the rights of Moshi in its federally registered trademark under 15 U.S.C. § 1114;

  iii. diluted the distinctive quality of the MOSHI mark, trade name, and service mark;

1      iv. competed unfairly with Moshi in violation of Cal. Bus & Prof. Code § 17200 *et seq.*;

    v. infringed the rights under the laws of the State of California with respect to Moshi's mark;

    vi. violated Moshi's rights to its mark under California common law; and

    vii. otherwise injured the business reputation, goodwill and business of Moshi by their acts and conduct set forth in this Complaint;

b. That the Court issue preliminary and permanent injunctions against Defendants, that Defendants, their agents, representatives, employees and assigns, and all others in active concert or participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter, from:

    i. using the domain names "moshi.com" or any other domain name confusingly similar to the MOSHI mark in connection with Defendants' website;

    ii. imitating, copying or making any other unauthorized use of MOSHI mark, Federally Registered Trademark No. 3,786,992 or the "moshi.com" domain name;

    iii. manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, importing, exporting, promoting or displaying any service, product or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the MOSHI mark, Federally Registered Trademark No. 3,786,992 or the "moshi.com" domain name;

    iv. using any simulation, reproduction, counterfeit, copy or colorable imitation of the MOSHI mark, Federally Registered Trademark No. 3,786,992 or the "moshi.com" domain name in connection with promotion, advertisement, display, sale, offering for sale, manufacture,

1         production, circulation or distribution of any service, product or thing not

2         manufactured or authorized or licensed by Moshi;

3      v. engaging in any other activity constituting an infringement under federal

4         law, California state law or California common law of Moshi's rights in,

5         or to use or to exploit, said trademark, or constituting any dilution of

6         Moshi's mark, trade name, service mark, reputation or goodwill;

7      vi. diluting the distinctive quality of Moshi's mark, trade name, service mark,

8         logo and trademark protected products;

9      vii. using the name, logo or any variations thereof of Moshi's mark in any of

10         Defendants' trade or corporate names;

11      viii. disposing of or destroying any documents or things that show, indicate,

12         reference or otherwise document that Defendants have marketed,

13         distributed, solicited for distribution, advertised, sold or offered for sale

14         products and/or services which either bear Moshi's mark, trade name

15         service mark or logo or any simulation, copy, colorable imitation, or

16         counterfeit of Moshi's mark; and

17      ix. assisting, aiding or abetting any other person or business entity in

18         engaging in or performing any of the activities referred to in

19         subparagraphs (i) through (viii) above;

20   c. Awarding Moshi its actual damages and/or Defendants' profits and trebling those

21     damages against Defendants, jointly and severally, and/or statutory damages on

22     those claims asserted pursuant to 15 U.S.C. § 1125, § 1114 and/or California state

23     or common law;

24   d. Alternatively, awarding Moshi statutory damages in the sum of $100,000;

25   e. Awarding Moshi its attorneys' fees incurred in prosecuting this action against

26     Defendants, jointly and severally;

27   f. Awarding Moshi its allowable costs against Defendants, jointly and severally;

28

---

135433.4                 13                 COMPLAINT

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

g. Transfer the "moshi.com" domain name to Moshi; and

h. That the Court grant to Moshi such other and additional relief as is just and proper.

Dated: June 28, 2011

Respectfully Submitted,

BAUTE CROCHETIERE & MALONEY LLP

By: _____
Henry C. Wang
*Attorneys for Plaintiff*
AEVOE CORPORATION

135433.4   14   COMPLAINT