1   BAUTE CROCHETIERE & MALONEY LLP
    Henry C. Wang (SBN 196537)
2   hwang@bautelaw.com
    Candice J. Hyon (SBN 272261)
3   chyon@bautelaw.com
    777 South Figueroa Street, Suite 4900
4   Los Angeles, CA 90017
    Telephone:    (213) 630-5000
5   Facsimile:     (213) 683-1225

6   *Attorneys for Plaintiff*
    AEVOE CORPORATION

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  AEVOE CORPORATION, a California          CASE NO.:  CV11 - 03215
    Corporation,
12                                           **PLAINTIFF'S MOTION FOR AN ORDER**
13                                           **ALLOWING DEFENDANT STANLEY**
                          Plaintiff,         **PACE TO BE SERVED (1) BY EMAIL, OR**
14                                           **(2) BY EMAIL AND PUBLICATION**
              vs.                            **WITH ADDITIONAL TIME**
15
16  STANLEY PACE, an individual; and DOES    [Filed concurrently with: (1) Declaration of
    1 through 10, inclusive,                 Candice J. Hyon; (2) Declaration of Thomas
17                                           Pikor; and (3) Proposed Order.]

18                        Defendants.        F.R.C.P. Rule 4(e)(1)

19                                           Chief Magistrate Judge Maria-Elena James

20                                           Date:  October 6, 2011
21                                           Time:  10:00 a.m.
                                             Courtroom:  B, 15th Floor
22

23

24

25

26

27

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL. (213) 630-5000

1   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that on October 6, 2011, at 10:00 a.m. or as soon thereafter as

3   the matter may be heard in the courtroom of the Honorable Maria-Elena James in the above entitled

4   court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff AEVOE

5   CORPORATION ("Aevoe") will move for an order allowing service of the summons and complaint

6   on Defendant STANLEY PACE ("Pace") via email or, alternatively by email and publication,

7   pursuant to Fed. R. Civ. Proc. Rule 4(e)(1), Cal. Code Civ. Proc. § 413.30 and § 415.50.  If the court

8   grants an order to serve by publication, Aevoe additionally requests additional time to fulfill the

9   publication order.

10      This motion is made on the grounds that Pace is evading service of process, that Aevoe has

11   exercised reasonable diligence to locate Pace, that Aevoe's mailings to Pace are being returned, that

12   Pace is not responding to phone calls or emails, that certified mail was sent to Pace's known address,

13   which was signed and returned, but cannot be verified as Pace's signature, that Pace cannot be

14   located by a hired investigator, that Aevoe has unsuccessfully attempted to serve Pace by personal

15   service, substitute service, and mail service, that Aevoe has previously communicated with Pace via

16   email, and that he has actual notice of this lawsuit because he has received a copy of the complaint

17   via e-mail from Aevoe.  Alternative service via email or by email and publication is appropriate

18   under Fed. R. Civ. Proc. 4(e)(1), Cal. Code Civ. Proc. § 413.30 and § 415.50.

19      This motion is based upon this Notice, the accompanying Memorandum of Points and

20   Authorities, the Declaration of Henry C. Wang, and any further oral or documentary evidence which

21   may be presented at or before the hearing on this motion.

22
       Dated:  August 26, 2011        BAUTE CROCHETIERE & MALONEY LLP
23
24                                    By: _____
25                                        Henry C. Wang
                                          Candice J. Hyon
26                                        *Attorneys for Plaintiff*
                                          AEVOE CORPORATION
27

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

In this action, Plaintiff AEVOE CORPORATION ("Aevoe") is seeking to recover the domain name "moshi.com" from a prolific cybersquatter Defendant STANLEY PACE ("Pace"), who has been evading service of the summons and complaint.  Aevoe has search public databases, hired a private investigator, and attempted mail and personal service at each of the known addresses linked to Pace.  None of these efforts, however, has been successful.  While these traditional methods of service have failed, the records show that Pace is monitoring and responding to the inquiries and emails at the email address lorinpace@gmail.com, which is associated with the "moshi.com" domain name registration.  Since service by email is authorized under California law, Aevoe requests an order for leave to serve Pace by email.  Cal. Civ. Proc. § 413.30.  Alternatively, while not wholly necessary, Aevoe also requests leave to serve Pace by email and publication, pursuant to Cal. Civ. Proc. § 415.50.[1]

### A.     STATEMENT OF RELEVANT FACTS

This is a matter for trademark infringement and cybersquatting.  Aevoe owns Moshi, a leading internet retailer of high-end personal electronic devices, based in Sunnyvale, California.

Pace is a known cybersquatter who has registered and owns over 36,000 domain names, including, without Aevoe's authorization, "Moshi.com," which is identical to Aevoe's federally registered trademark Moshi® (words) Federal Registration No. 3,786,992, ("MOSHI").  *See* **Exhibit A**, attached to the Declaration of Candice J. Hyon, a true and correct copy of the June 28, 2011 complaint ("Complaint").

As part of a requisite step of the domain name registration process, Pace has listed the email address lorinpace@gmail.com.  *See* **Exhibit A**, attached hereto, Declaration of Candice J. Hyon, ("Hyon Decl."), ¶ 2.  Aevoe has previously communicated via email with Pace

---

[1]     Finally, if the Court grants an order to serve by publication, Aevoe respectfully requests additional time to fulfill the publication order.

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

1   (lorinpace@gmail.com), and he has responded specifically to inquiries relating to the moshi.com

2   domain name from this email address.  Hyon Decl., ¶ 4; *see* **Exhibit C**, attached thereto, a true and

3   correct copy of the email correspondence.  Aevoe demanded that Pace cease his unlawful and

4   infringing activities, but Pace has refused.  Hyon Decl., ¶ 5.  Instead, Pace made an express offer to

5   sell the "moshi.com" domain name to Aevoe.  Hyon Decl., ¶ 5.  Aevoe threatened to initiate action

6   to reclaim its rights to "MOSHI" and since then, Pace has been uncommunicative.  Hyon Decl., ¶ 6.

7        After commencing this action, Aevoe filed its complaint and consequently, has made

8   reasonable and diligent attempts to serve Pace by both personal and substitute service.  However,

9   Aevoe has not been successful in locating Pace.  Specifically, Aevoe's pre and post-filing efforts to

10  contact Pace include the following:

11  <u>Pre-filing efforts</u>:

12  - sent a cease and desist letter via registered mail to Pace's known address in Texas
     (4700 Nantucket Ct., Flower Mound, TX 75022 US);

13  - sent a cease and desist letter via registered mail to Pace's secondary address in
     Washington (36310 SE 13th St. Washougal, WA 98671), which is his parents' house;

15  <u>Post-filing efforts</u>:

16  - called the phone numbers attached to Pace's known addresses;

18  - emailed the cease and desist letter to Pace's known email address
     (lorinpace@gmail.com);

19  - sent the complaint via certified mail to Pace's known address;

20  - sent the complaint via certified mail to Pace's secondary address;

21  - attempted to personally serve Pace via a process server at his known address

22  - attempted to personally serve Pace via a process server at his secondary addresses;

24  - retained a private investigator to track Pace down;

25  *See* Hyon Decl., ¶ 7.

26       None of these efforts was successful.  The cease and desist letters sent by registered mail to

27  both Pace's known and secondary addresses were sent back to Aevoe.  Hyon Decl., ¶ 8.  With regard

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL. (213) 630-5000

to the phone calls, Aevoe was not able to reach Pace, although during a call to the number attached to Pace's secondary address, a woman picked up and identified herself as Pace's mother. She stated that Pace did not live there and also refused to reveal his current whereabouts. Hyon Decl., ¶ 9. Aevoe then sent the complaint via certified mail to both of Pace's addresses. The certified mail sent to Pace's known address was received and signed for, but the signature cannot be verified as Pace's signature, while the certified mail sent to Pace's secondary address was returned unopened, as "Unclaimed mail." Hyon Decl., ¶ 10; *see* **Exhibit D**, attached thereto, a true and correct copy of the signed certified mail receipt and **Exhibit E**, attached thereto, a true and correct copy of the certified mail stamped "Unclaimed."

Aevoe also hired an investigator to track down Pace, but to no avail. Hyon Decl., ¶ 11. Aevoe initially provided the investigator with the address 4700 Nantucket Ct., Flower Mound, TX 75022 to use as a reference point for the search. Declaration of Thomas Pikor ("Pikor Decl."), ¶ 2, attached hereto as **Exhibit B**. The investigator conducted extensive database research to locate a current residential or business address for Stanley Pace. During the course of his search, he accessed a number of subscription-based people finder and public record databases regularly used by private investigation firms. Pikor Decl., ¶ 3. He also conducted traditional and "deep web" Internet searches to in an effort to locate Pace's current physical whereabouts. Pikor Decl., ¶ 3. The investigator also conducted a people search through IRB Search, an online provider of address histories and other background records, but it did not return any active or current addresses belonging to Stanley L. Pace. Pikor Decl., ¶ 4. The investigator spent approximately three hours in his diligent search investigations. Pikor Decl., ¶ 5. Despite his continued efforts, he was unable to track down the Stanley L. Pace. Pikor Decl., ¶ 5.

Lastly, the process servers have been unsuccessful in locating and serving Pace at both his known and secondary addresses. Hyon Decl., ¶ 12; *see* **Exhibit F**, attached thereto, a true and correct copy of the process server's work order form in Flower Mound, TX, and **Exhibit G**, attached thereto, a true and correct copy of the process server's work order form in Washougal, WA. Despite Aevoe's diligent attempts, Pace cannot be located. However, according to the WHOIS record from

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

DomainTools.com, moshi.com still belongs to Defendant Pace and his contact information continues to be listed as lorinpace@gmail.com, located at 4700 Nantucket Ct. Flower Mound, TX 75022. Hyon Decl., ¶ 13; *see* **Exhibit B**, attached thereto a true and correct copy of the WHOIS record.

## II.   ARGUMENT

### A.   When Defendant Is Purposely Evading Service, Alternative Service Via Email Is Appropriate Under California Civil Procedure § 413.30

The goal of Fed. R. Civ. Proc. 4 is "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Electrical Specialty Co. v. Road and Ranch Supply, Inc.,* 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987)). Due Process requires that service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In order to satisfy this expansive reach, Fed. R. Civ. Proc. 4(e)(1) allows process of service as authorized by the state laws as well.

Pursuant to Fed. R. Civ. P. 4(e)(1), California law may govern the sufficiency of the proposed service. Cal. Civ. Proc. § 413.30 provides a broad framework for alternative means of service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30.

In accordance with § 413.30, in *Balsam v. Angeles Technology Inc., et al.,* the court found that because plaintiff was unable to serve defendants by traditional methods as is the case for Aevoe here, service by email was an appropriate substitute that would allow plaintiff to contact defendants "via what he alleges to be their 'preferred method of communication.'" 2007 U.S. Dist. LEXIS 43877, 7 (N.D. Cal. 2007).

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL / (213) 630-5000

This court has also allowed service by publication, in addition to service by email. *Combs v. Does, Diaz and Cintron*, 2010 U.S. Dist. LEXIS 113441, 4 (N.D. Cal. 2010) (stating that, "[plaintiff] will also serve another copy of the complaint and summons to two email addresses . . . believe to be used by [defendant].")

Here, Aevoe has been diligent in its attempts to locate Pace, but has been unsuccessful in serving Pace by traditional methods.  Specifically, Aevoe has made several unsuccessful attempts to perfect service on Pace, in person and by registered and certified mail, at his last known address in Flower Mound, Texas, as well as at a secondary address in Washougal, Washington.  The address in Texas is rejecting mail, and the secondary address in Washington is Pace's parents' address, where Pace allegedly does not reside.  Pace's parents also refused to disclose Pace's current address.  Hyon Decl., ¶ 9.  Based on information available to Aevoe, Pace is not associated with any other addresses.  Hyon Decl., ¶ 14.  Aevoe also retained an investigator to track down Pace, but to no avail.  The investigator conducted a people search through IRB Search, an online provider of address histories and other background records, but it did not return any active or current addresses belonging to Stanley L. Pace.  Pikor Decl., ¶ 4.  The investigator spent approximately three hours in his search investigations, and despite his continued efforts, he was unable to track down Stanley L. Pace.  Pikor Decl., ¶ 5.

Although Pace cannot be served by traditional methods, Pace is email savvy and can and has been be contacted via email address (lorinpace@gmail.com).  This should not be surprising since Pace owns and maintains over 36,000 domain names, including the one at issue, "moshi.com.".[2] lorinpace@gmail.com is the email address that Pace used to associate with the moshi.com domain name.  Hyon Decl., ¶ 2 and 13.  Given this connection, service of the summons and complaint at Pace's email address will be "reasonably calculated to give notice to the party served."  Cal. Code Civ. Proc. § 413.30.

---

[2] As part of the domain name registration process, a registrant is required by the Internet Corporation for Assigned Names and Numbers (ICANN) to provide an accurate email address in his or her registration documents.  Failure to do so results in a deficient application that will be revoked.

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

**B.     Alternatively, Aevoe Requests Service By Email And By Publication, And Additional Time To Serve By Publication To Ensure That Pace Is Properly Served.**

Aevoe requests this alternative order for service by email and publication out of an abundance of caution, even though for the reasons stated above, service by email would suffice the demands of due process.

Service by publication on defendants who otherwise cannot be served with the summons is authorized by Cal. Code Civ. Proc. § 415.50.  Section § 415.50 requires that, based on an affidavit, (a) the court is satisfied that the party to be served cannot with reasonable diligence be served in another manner set forth in Cal. Code Civ. Proc. § 415.10-415.95 and (b) either (1) there is a cause of action against the party to be served or that party is a necessary or proper party to the action, or (2) the party to be served as or claims an interest in real property in California that is subject to the jurisdiction of the court or relief demanded consists wholly or in part in excluding the party from any interest in the property. *Id*

California law requires publication of the summons in a California newspaper of general circulation that is most likely to give actual notice to the party to be served, or in a named newspaper outside this state that is most likely to give actual notice to the party if that party is located or resides outside California.  Cal. Code Civ. Proc. § 415.50(b).

Perfecting service by publication must also comply with California Government Code section 6064, which provides in part that the publication in the newspaper must occur four times with five days in between each publication.

In *Combs,* the court granted service by publication but also permitted the plaintiff to "serve another copy of the complaint and summons to two email addresses . . . believe to be used by [defendant]." *Combs, supra*, 2010 U.S. Dist. LEXIS 113441, 4.  The plaintiff in *Combs* was unsuccessful in her efforts to effect personal service "because defendants have taken steps to hide their true identities and whereabouts." *Id.* at 1.

Here, Aevoe has complied with all the requirements of California law for an order for service of process as to Pace by publication.  As discussed above, Aevoe has exercised much more than

BAUTE CROCHETIERE & MALONEY LLP
777 S FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

1  reasonable diligence in attempting to locate Pace and serve him.  Hyon Decl. ¶ 7; Picor Decl. ¶ 3-5;

2  *see Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798 n.4 (1983) ("While a plaintiff must

3  make "reasonably diligent efforts to locate a defendant," extraordinary efforts to discover the identity

4  and whereabouts' of a defendant are not required.").

5      Despite Aevoe's reasonable diligence in its efforts to locate and serve Pace, Aevoe has been

6  unable to locate and serve Pace by the traditional methods set forth in Cal. Code Civ. Proc. § 415.10-

7  415.95, including personal service, substitute service, and service via certified mail.  As a result,

8  Aevoe meets the first requirement to satisfy service by publication.

9      Aevoe also has met the second requirement for service by publication in that the complaint in

10  this action alleges that Pace has infringed on Aevoe's federally registered mark MOSHI by

11  cybersquatting on the "moshi.com" domain.  Hyon Decl. ¶ 3; *see* **Exhibit A**, attached thereto,

12  Complaint.  Aevoe also alleges false designation of origin and trademark dilution for the same

13  reasons.  *Id.* The complaint also alleges that Pace has engaged in unfair business practices and unfair

14  competition by confusing consumers into believing that Aevoe sponsors or authorizes the moshi.com

15  website.  *Id.*

16      Based on the foregoing, because Pace's last known address is in Flower Mound, Texas,

17  Aevoe requests an order for publication in the Cross Timbers Gazette, the local newspaper service

18  covering Southern Denton County, Texas, which includes the Flower Mound community

19  Additionally, Aevoe requests an order for publication in Camas-Washougal's Post-Record, the local

20  paper serving Washougal, Washington.  In doing so, Aevoe will meet the requirements for service

21  by publication under California law.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

**II.**     **CONCLUSION**

Based on the foregoing reasons and the present circumstances, it is proper to serve Pace via email, which was the last valid contact between the parties.  Accordingly, Aevoe respectfully requests that this Court orders that defendant Stanley Pace shall be served via email or by email and publication pursuant to Cal. Code Civ. Proc. §413.30 and §415.50, and Fed. R. Civ. Proc. Rule 4(e)(1).

Dated: August 26, 2011          BAUTE CROCHETIERE & MALONEY LLP

                                By: _____
                                    Henry C. Wang
                                    Candice J. Hyon
                                    *Attorneys for Plaintiff*
                                    AEVOE CORPORATION

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET , SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

138044                              10           PLAINTIFF'S MOTION FOR ORDER
                                                 RE: SERVICE BY EMAIL OR PUBLICATION

EXHIBIT A

**DECLARATION OF CANDICE J. HYON**

I, CANDICE J. HYON, hereby declare:

1.      I am an attorney at law, duly licensed and entitled to practice in the State of California. I am an associate of the firm of Baute Crochetiere & Maloney LLP, counsel of record for Plaintiff AEVOE CORPORATION ("Aevoe") in this matter. As such, I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto under oath.

2.      I conducted a search on WHOIS.domaintools.com website for the ownership and registration information on moshi.com. Per the registration information, moshi.com is registered to a Stanley Pace. *See* **Exhibit B**, attached hereto, a true and correct copy of the WHOIS Record ("WHOIS Record"). The WHOIS Record shows that Stanley Pace owns over 36,000 domain names. *See* **Exhibit B**, attached hereto, WHOIS Record. As part of a requisite step of the domain name registration process, Pace has listed the email address lorinpace@gmail.com.

3.      "moshi.com," is identical to Aevoe's federally registered trademark Moshi® (words) Federal Registration No. 3,786,992, ("MOSHI"). S*ee* **Exhibit A**, attached hereto, a true and correct copy of the June 28, 2011 complaint ("Complaint").

4.      Aevoe has previously communicated via email with Pace (lorinpace@gmail.com), and he has responded specifically to inquiries relating to the moshi.com domain name from this email address. *See* **Exhibit C**, attached hereto, a true and correct copy of the email correspondence.

5.      Aevoe demanded that Pace cease his unlawful and infringing activities, but Pace refused and instead, he made an express offer to sell the "moshi.com" domain name to Aevoe.

6.      Aevoe threatened to initiate action to reclaim its rights to "MOSHI" and since then, Pace has been uncommunicative.

7.      After commencing this action, Aevoe filed its complaint and consequently, has made reasonable and diligent attempts to serve Pace by both personal and substitute service. However, Aevoe has not been successful in locating Pace. Specifically, Aevoe's pre and post-filing efforts to contact Pace include the following:

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TFI (213) 630-5000

1

DECLARATION OF CANDICE J. HYON
IN SUPPORT OF PLAINTIFF'S MOTION FOR AN
ORDER RE: SERVICE BY EMAIL OR PUBLICATION

Pre-filing efforts:

- sent a cease and desist letter via registered mail to Pace's known address in Texas (4700 Nantucket Ct., Flower Mound, TX 75022 US);

- sent a cease and desist letter via registered mail to Pace's secondary address in Washington (36310 SE 13th St. Washougal, WA 98671), which is his parents' house;

Post-filing efforts:

- called the phone numbers attached to Pace's known addresses;

- emailed the cease and desist letter to Pace's known email address (lorinpace@gmail.com);

- sent the complaint via certified mail to Pace's known address;

- sent the complaint via certified mail to Pace's secondary address;

- attempted to personally serve Pace via a process server at his known address

- attempted to personally serve Pace via a process server at his secondary addresses;

- retained a private investigator to track Pace down;

8.      The cease and desist letters sent by registered mail to both Pace's known and secondary addresses were sent back to Aevoe.

9.      With regard to the phone calls, Aevoe was not able to reach Pace, although during a call to the number attached to Pace's secondary address, a woman picked up, identifying herself as Pace's mother.  She stated that Pace did not live there and also refused to reveal his current whereabouts.

10.      Aevoe sent the complaint via certified mail to both of Pace's addresses.  The certified mail sent to Pace's known address was received and signed for, but the signature cannot be verified as Pace's signature, while the certified mail sent to Pace's secondary address was returned unopened, as "Unclaimed mail."  *See* **Exhibit D**, attached hereto, a true and correct copy of the signed certified mail receipt. and **Exhibit E**, attached thereto, a true and correct copy of the certified mail stamped "Unclaimed."

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

2      DECLARATION OF CANDICE J. HYON
IN SUPPORT OF PLAINTIFF'S MOTION FOR AN
ORDER RE: SERVICE BY EMAIL OR PUBLICATION

11.     Aevoe also hired an investigator to track down Pace, but to no avail. *See* Declaration of Thomas Pikor, attached as **Exhibit B** to the Plaintiff's Motion for Order Allowing Defendant Stanley Pace to be Served (1) by Email, or (2) by Email and Publication with Additional Time.

12.     The process servers have been unsuccessful in locating and serving Pace at both his known and secondary addresses. S*ee* **Exhibit F**, attached hereto, a true and correct copy of the process server's work order form in Flower Mound, TX, and **Exhibit G**, attached hereto, a true and correct copy of the process server's work order form in Washougal, WA.

13.     According to the WHOIS record from DomainTools.com, moshi.com still belongs to Defendant Pace and his contacted information continues to be listed as lorinpace@gmail.com, located at 4700 Nantucket Ct. Flower Mound, TX 75022. *See* **Exhibit B**, attached hereto, WHOIS Record.

14.     Based on information available to Aevoe, Pace is not associated with any other addresses.

15.     Aevoe's complaint alleges that Pace has infringed on Aevoe's trademark rights by cybersquatting on the "moshi.com" domain. Aevoe also alleges false designation of origin and trademark dilution for the same reasons. The complaint also alleges that Pace has engaged in unfair business practices and unfair competition by confusing consumers into believing that Aevoe sponsors or authorizes the moshi.com website. *See* **Exhibit A**, attached hereto, Complaint.

16.     Exigent and good cause exist to permit Aevoe to serve the summons and complaint by email or by email and publication. Otherwise, Aevoe will continue to suffer damages as a result of Pace's clear infringement of Aevoe's rights associated with the MOSHI mark.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on August 22, 2011 at Los Angeles, California.

DATED: August 26, 2011

CANDICE J. HYON

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

JS 44 (Rev. 12/07) (CAND Rev. 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
AEVOE CORPORATION, a California Corporation

## DEFENDANTS
STANLEY PACE, an Individual; and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Santa Clara

County of Residence of First Listed Defendant **Denton, Texas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BAUTE CROCHETIERE & MALONEY LLP
777 South Figueroa Street
Suite 4900
Los Angeles, CA 90017
(213) 630-5000

ADR

Attorneys (If Known)

CV11-03215   MEJ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Secs. 1125(a)-(d), 1117, 1114
Brief description of cause:
False desig. of origin; trademark infringement & dilution; Cal. Unfair competition; etc.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND [X] SAN JOSE [ ] EUREKA

DATE
June 28, 2011

SIGNATURE OF ATTORNEY OF RECORD   Henry C. Wang

NDC-JS44

Exh. "A"

1  BAUTE CROCHETIERE & MALONEY LLP
   Henry C. Wang (SBN 196537)
2  hwang@bautelaw.com
   Candice J. Hyon (SBN 272261)
3  chyon@bautelaw.com
   777 South Figueroa Street, Suite 4900
4  Los Angeles, CA  90017
   Telephone:     (213) 630-5000
5  Facsimile:     (213) 683-1225

6  *Attorneys for Plaintiff*
   AEVOE CORPORATION

7

**Filed**

JUN 2 8 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12  AEVOE CORPORATION, a California

13  Corporation,

14              Plaintiff,

15      vs.

16  STANLEY PACE, an individual; and DOES

17  1 through 10, inclusive,

18              Defendants.

19

20

CASE NO.  CV11- 03215  MEJ

COMPLAINT FOR:

1.  FALSE DESIGNATION OF ORIGIN;

2.  TRADEMARK INFRINGEMENT;

3.  TRADEMARK DILUTION;

4.  CALIFORNIA UNFAIR
    COMPETITION;

5.  CALIFORNIA DILUTION; AND
    COMMON LAW TRADEMARK
    INFRINGEMENT;

6.  UNFAIR COMPETITION; AND

7.  VIOLATION OF
    ANTICYBERSQUATTING CONSUMER
    PROTECTION ACT

21

22

23

24

25

26

27

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

135433.4                                        COMPLAINT

1   Plaintiff Aevoe Corporation d/b/a Moshi, ("Moshi") files this action against

2   Defendant Stanley Pace and Does 1-10 (collectively, "Defendants") for injunctive relief and

3   damages under the laws of the United States and the State of California, as follows:

4   ### SUMMARY OF ACTION

5   1.   Based in Sunnyvale, California, Moshi is a leading internet retailer of high-

6   end personal electronic devices. Defendants, without the authorization and/or consent of Moshi,

7   have registered and used the internet address of "moshi.com" to create and maintain a "parked"

8   website for which the owner makes no use of the website for sales of products or services or

9   dissemination of information. Indeed, the website "moshi.com" offers no services or product except

10  for links to other websites that offer free internet games, in addition to an explicit offer to sell the

11  "moshi.com" domain. Defendants also made an express offer to sell the "moshi.com" domain name

12  to Moshi. Consistent with their cybersquatting tactics, Defendants have registered and own tens of

13  thousands of domain names, and on information and belief, many of those websites are also

14  "parked" for no legitimate commercial purpose.

15  2.   Because Defendants' internet address is identical to Moshi's federally

16  registered trademark Moshi® (words) Federal Registration No. 3,786,992, ("MOSHI"), Moshi's

17  customers or potential customers who type its domain name "moshi.com" will access Defendants'

18  "parked" website, and the public is likely to be confused into believing that Moshi is no longer doing

19  business and/or that Moshi sponsors or approves of such website when it does not. Furthermore,

20  Moshi demanded Defendants cease their unlawful activities, but Defendants have refused. Like all

21  cyber-extortionists, Defendants have demanded Moshi pay a ransom for the "moshi.com" domain

22  name, therefore making Defendants' continuing actions in knowing and willful violation of Moshi's

23  rights.

24  3.   Moshi seeks an injunction to stop Defendants' trademark infringement, false

25  designation of origin, dilution and tarnishment of the distinctive quality of Moshi's trademark and

26  unfair competition, transfer of the domain name "moshi.com," and monetary damages to compensate

27  Moshi for the harms Defendants have caused.

28

**JURISDICTION**

4.      This Court has subject matter jurisdiction over the claims in this action which involve false designation of origin, trademark infringement, federal trademark dilution and unfair competition pursuant to the provisions of 15 U.S.C. § 1121, 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The claims alleged in this action arose in the Northern District of California; and the Defendants' conducts have impacted Moshi in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

7.      Pursuant to Civil L.R. 3-2(c), this "Intellectual Property Action" is subject to assignment on a district-wide basis.

**PARTIES**

8.      Plaintiff Aevoe Corporation is a corporation organized and existing under the laws of the State of California with its principal place of business in Sunnyvale, California, and does business in the Northern District of California.  Aevoe does business under the name of MOSHI.

9.      Defendant Stanley Pace ("Pace") is an individual who, upon information and belief, resides in the State of Texas.  Moshi is further informed and believes that Pace is the owner, operator and/or principal of the website "moshi.com", and that he controlled, directed and/or participated in the activities complained of in this Complaint.

10.      Defendants Does 1-10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown at this time.  This Complaint will be amended appropriately when their names and capacities are ascertained.

BAITE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4800
LOS ANGELES, CA 90017
TEL: (213) 629-XXXX

1          11.     On information and belief, Moshi alleges that each such fictitiously named

2 defendant is responsible in some manner for the occurrences alleged herein.

3          12.     Defendants Pace and Does 1-10 are hereafter referred to collectively as

4 "Defendants."

5          13.     Defendants, and each of them, are individuals and business entities which

6 Moshi alleges, upon information and belief, are acting in concert and active participation with each

7 other in committing the wrongful acts alleged in this Complaint.  Moshi is informed and believes,

8 and on that basis alleges, that at the time of the events alleged in this Complaint, certain of the

9 Defendants, and each of them, were the agents and employees of the remaining Defendants, and

10 were acting within the scope and authority of that agency and employment, with the knowledge,

11 consent and approval of the other Defendants.

12 **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13 The Nature of Moshi's Business

14          14.     Moshi, founded in 2005, is a leading internet retailer of high-end personal

15 electronic devices.  Moshi has used continuously the federally registered trademark MOSHI, (words)

16 Federal Registration No. 3,786,992 in commerce since 2005, and has expended a great deal of effort

17 and resources in building the reputation and goodwill associated the MOSHI mark.

18 Defendants' Unlawful Conduct

19          15.     Moshi is informed and believes, and on that basis alleges, that Defendants

20 have "parked" a website on the domain name "moshi.com" in bad faith.  A "parked" website does

21 not sell any products, offer any services or disseminate any information.  Indeed, "moshi.com" offers

22 no services or product on that website except for a few links to other websites that offer free internet

23 games.  Hence, when customers or potential customers seek to enter Moshi's website by its federally

24 registered name of MOSHI the customer or potential customer will, without notice, enter a

25 nondescript "parked" site that offers links to free internet games, rather than Moshi's website in

26 which the customers or potential customers expect to find themselves.

27

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

16.     In addition to offering links to free internet game sites, the "moshi.com" website explicitly offers to sell the "moshi.com" domain name to the public.  Consistent with their intent to profit from their cybersquatting scheme, Defendants also made an express offer to sell the "moshi.com" domain name to Moshi.  In an effort to rectify this scheme of misdirection and confusion, Moshi requested Defendants to transfer "moshi.com" to Moshi.  Defendants responded to Moshi's request with a monetary demand that increased over time, thereby forcing Moshi to send a letter demanding that Defendants immediately cease and desist from any further use of any trade name and trademark which is similar to the MOSHI mark.

17.     Notwithstanding the foregoing, Defendants continued to maintain the "parked" website under the "moshi.com" address without the authorization and/or consent of Moshi. Defendants' unauthorized use of the "moshi.com" domain name creates the false impression that Defendants' website is created or otherwise authorized by Moshi, when such, in fact, is not true. Defendants' acts are likely to cause confusion as to the origin, sponsorship and approval of their website and as to the affiliation, connection or association of Defendants and their website to Moshi because visitors to the website will mistakenly believe that the website is either Moshi's or sponsored or approved by it.

18.     Moreover, Defendants' use of the "moshi.com" domain name in connection with a "parked" website that offers links to free video games tarnishes and diminishes the reputation and goodwill associated with the well-known MOSHI mark, thereby causing irreparable economic damage to Moshi.

19.     Defendants' conduct constitutes false designation of origin, unfair competition, and causes Moshi to suffer irreparable injuries, including injury to its reputation and goodwill and the dilution of the distinctive quality of its mark, for which it has no adequate remedy at law.

20.     Such conduct by Defendants was and continues to be willful and in knowing violation of the law, and without the authorization of Moshi.

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) XXX-XXXX

**FIRST CLAIM FOR RELIEF**

[Violation of The Lanham Act, 15 U.S.C. § 1125(a); False Designation Of Origin, False Description And False Representation Against All Defendants]

21.    Moshi realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 20, inclusive.

22.    Moshi owns the distinctive and famous trademark MOSHI which is widely recognized as originating with Moshi.

23.    Defendants' unauthorized use of Moshi's mark and colorable imitations thereof to attract viewers to Defendants' website constitutes a false designation of origin, a false or misleading description of fact and a false or misleading representation of fact that Defendants' "parked" website and the links to free internet games contained therein originate with, are sponsored or approved by Moshi, and/or that Defendants and their website are affiliated with, connected to or associated with Moshi.

24.    Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of such products and as to the affiliation, connection or association of Defendants and the website with Moshi, and constitute willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.    As a result of Defendants' activities, Moshi has suffered damage, including injury to its business reputation and goodwill, in an amount not yet precisely ascertained.

26.    The activities of Defendants as alleged in this Complaint have caused and will cause irreparable harm to Moshi for which Moshi has no adequate remedy at law in that: (i) if the wrongful conduct continues, consumers are likely to become further confused as to the source, origin or sponsorship of the website and the information contained therein; (ii) if the wrongful conduct continues, consumers are likely to become further confused as to the affiliation, connection or association of Defendants and the website with Moshi; (iii) the infringement by Defendants constitutes an interference with Moshi's goodwill, reputation and customer relationships; and (iv)

1   Defendants' wrongful conduct, and the damages resulting to Moshi, is continuing.  Accordingly,

2   Moshi is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

3        27.   Moshi is also entitled to recover its attorney fees and costs of suit pursuant to

4   15 U.S.C. § 1117.

5   **SECOND CLAIM FOR RELIEF**

6   [Violation of the Federal Trademark Act, § 15 U.S.C. § 1114; Trademark Infringement Against All

7   Defendants]

8        28.   Moshi realleges and incorporates by this reference each and every allegation

9   set forth in paragraphs 1 through 27, inclusive.

10        29.   Moshi has advertised and promoted its products and services under its

11   MOSHI trademark and as a result of this advertising and promotion, these products and services

12   have come to mean and are understood to mean the products and services of Moshi, and are the

13   means by which those products and services are distinguished from those of others in the same and

14   in related fields.

15        30.   The mark is inherently distinctive, and because of the long, continuous and

16   exclusive use of the MOSHI mark, the mark has acquired a secondary meaning associated by

17   purchasers and the public with Moshi's products and services.  Moshi's mark is famous and

18   distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

19        31.   Defendants' activities as alleged in this Complaint constitute unauthorized use

20   in California and in interstate commerce of a reproduction counterfeit, copy, and/or colorable

21   imitations thereof.  Such activities are likely to cause confusion, mistake, or deception as to the

22   affiliation, connection or association of Defendants and the website with Moshi and the origin,

23   source or approval of the products.

24        32.   Further, the activities of Defendants are intended and likely to lead the public

25   to conclude, incorrectly, that the products and services offered, displayed, reproduced, solicited for

26   distribution, distributed, advertised and/or marketed by Defendants originate with, are sponsored by,

27

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

---

1  or are approved by Moshi, and that Defendants and the website are affiliated, connected or

2  associated with Moshi, to the damage and harm of Moshi, its customers, distributors and the public.

3       33.    Moshi is informed and believes, and on that basis alleges, that Defendants

4  have committed the acts alleged above with previous knowledge of Moshi's prior use and superior

5  rights to the mark, and with previous knowledge of the reputation of the mark in interstate

6  commerce.  Further, Defendants' actions were for the willful and calculated purpose of trading upon

7  Moshi's goodwill and for the willful and calculated purpose of harming the goodwill of the mark and

8  Moshi's reputation and goodwill.

9       34.    Defendants' activities constitute willful and deliberate infringement of

10  Moshi's federally registered trademark in violation of the Lanham Trademark Act, including, but not

11  limited to, 15 U.S.C. § 1114(l).  As a result of the foregoing, Moshi has been damaged in an as yet

12  unascertained amount.  In addition, Moshi is entitled to treble its actual damages pursuant to 15

13  U.S.C. § 1117(b).  Alternatively, since Defendants' conduct is willful and malicious, Moshi is

14  entitled to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

15       35.    The activities of Defendants as alleged in this Complaint have caused and will

16  cause irreparable harm to Moshi for which Moshi has no adequate remedy at law in that (i) if the

17  wrongful conduct continues, consumers are likely to become further confused as to the source, origin

18  or approval of the website and the products and services contained therein; (ii) if the wrongful

19  conduct continues, consumers are likely to become further confused as to the affiliation, connection

20  or association of Defendants and the website with Moshi; (iii) the infringement by Defendants

21  constitutes an interference with Moshi's goodwill, reputation and customer relationships; and (iv)

22  Defendants' wrongful conduct, and the damages resulting to Moshi, is continuing.  Accordingly,

23  Moshi is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

24       36.    Moshi is also entitled to recover its attorneys' fees and costs of suit pursuant

25  to 15 U.S.C. § 1117.

26

27

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

### THIRD CLAIM FOR RELIEF

[Violation of the Federal Anti Dilution Act, 15 U.S.C. § 1125(c); Federal Trademark Dilution

Against All Defendants]

37.     Moshi realleges and incorporates by this reference each and every allegation

set forth in paragraphs 1 through 36, inclusive.

38.     The MOSHI mark is inherently distinctive and has acquired distinction from

other marks through Moshi's long and continuous use of the mark in connection with its goods and

services.

39.     Moshi has advertised and promoted its products throughout the world under

its mark, and as a result of this advertising and promotion, these products and the mark have come to

mean and are recognized in worldwide trading areas and channels of trade as the products of Moshi.

40.     Moshi's mark is famous and distinctive within the meaning of 15 U.S.C. §§

1125(c)(1) and 1127.

41.     Defendants' activities as alleged in this Complaint constitute unauthorized use

in California and in interstate commerce of Moshi's mark.  Defendants' activities were conducted

with full recognition of Moshi's use of the mark in worldwide trading areas and channels of trade,

and commenced after the mark had become famous.  Such activities have and will continue to cause

dilution of the distinctive quality of the mark by lessening its capacity to identify and distinguish

Moshi's goods and services to the damage and harm of Moshi, its customers, distributors and the

public, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c)(1).

42.     The activities of Defendants as alleged above have caused and will cause

irreparable harm to Moshi for which Moshi has no adequate remedy at law in that (i) if the wrongful

conduct continues, Moshi's mark risks further dilution; and (ii) Defendants' wrongful conduct, and

the damages resulting to Moshi, is continuing.  Accordingly, Moshi is entitled to preliminary and

permanent injunctive relief pursuant to 15 U.S.C. § 1125(c)(1).

43.     Moshi is informed and believes, and on that basis alleges, that Defendants

have committed the acts alleged above: (i) with previous knowledge of Moshi's prior use of the

1  mark; (ii) with the willful intent to trade on Moshi's goodwill and reputation; and (iii) with the

2  willful intent to cause dilution of the mark.  As a result, Moshi has been damaged in an as yet

3  unascertained amount.  In addition, Moshi is entitled to treble damages pursuant to 15 U.S.C. §

4  1117.

5          44.     Moshi is also entitled to recover its attorneys' fees and costs of suit pursuant

6  to 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF

7

8  [Violation of California Business & Professions Code § 17200, *et seq.*; California Unfair

9  Competition Against All Defendants]

10         45.     Moshi realleges, and incorporates by this reference, each and every allegation

11  set forth in paragraphs 1 through 44, inclusive.

12         46.     The acts and conduct of Defendants as alleged in this Complaint violate

13  California Business & Professions Code § 17200, *et seq.*

14         47.     Defendants' conduct as alleged above has damaged and will continue to

15  damage Moshi's goodwill and reputation and has resulted in a loss of profits to Moshi in an as yet

16  unascertained amount.

17         48.     As a proximate result of the above mentioned acts of Defendants, Moshi is

18  entitled to its actual damages and to preliminary and permanent injunctive relief to prohibit

19  Defendants' from infringing Moshi's rights under California law, and for appropriate delivery of all

20  infringing materials for destruction.

### FIFTH CLAIM FOR RELIEF

21

22  [Violation of California Business & Professions Code § 14330, *et seq.*; California Antidilution Act

23  Against All Defendants]

24         49.     Moshi realleges, and incorporates by this reference, each and every allegation

25  set forth in paragraphs 1 through 48, inclusive.

26         50.     The acts and conduct of Defendants as alleged in this Complaint violate

27  California Business & Professions Code § 14330, *et seq.*

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

135433.4                                   9                                   COMPLAINT

51.     Defendants' conduct as alleged above has damaged and will continue to damage Moshi's goodwill and reputation and/or that the distinctive value of its mark is or is likely to be diluted, which has resulted in a loss of profits to Moshi in an as yet unascertained amount.

52.     As a proximate result of the above mentioned acts of Defendants, Moshi is entitled to its actual damages and to preliminary and permanent injunctive relief to prohibit Defendants' from infringing Moshi's rights under California law, and for appropriate delivery of all infringing materials for destruction.

**SIXTH CLAIM FOR RELIEF**

[Violation of California Common Law, Trademark Infringement and Unfair Competition; Against All Defendants]

53.     Moshi realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 52, inclusive.

54.     The activities and conduct of Defendants as alleged in this Complaint: constitute (i) an unfair competition at common law; and (ii) improper and unfair competition with Moshi.

55.     Defendants' conduct as alleged above has damaged and will continue to damage Moshi's goodwill and reputation and has resulted in a loss of profits to Moshi in an as yet unascertained amount.

56.     As a proximate result of the above mentioned acts of Defendants, Moshi is entitled to its actual damages, trebled, and to preliminary and permanent injunctive relief to prohibit Defendants' from infringing Moshi's rights under common law, and for appropriate delivery of all infringing materials for destruction.

**SEVENTH CLAIM FOR RELIEF**

[Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) Against All Defendants]

57. Moshi realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56 inclusive.

58.    Defendants' activities alleged in this Complaint constitute a bad faith intent to profit from Moshi's federally registered mark MOSHI, in that they have registered, trafficked in, or used a domain name that is identical or confusingly similar to the MOSHI mark.

59.    The activities of Defendants as alleged above have caused and will cause irreparable harm to Moshi for which Moshi has no adequate remedy at law in that (i) if the wrongful conduct continues, Moshi's mark risks further dilution; and (ii) Defendants' wrongful conduct, and the damages resulting to Moshi, is continuing.  Accordingly, Moshi is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1125(c)(1).

60.    Moshi is informed and believes, and on that basis alleges, that Defendants have committed the acts alleged above: (i) with previous knowledge of Moshi's prior use of the mark; (ii) with the willful intent to trade on Moshi's goodwill and reputation; and (iii) with the willful intent to cause dilution of the MOSHI mark.  As a result, Moshi has been damaged in an as yet unascertained amount.  In addition, Moshi is entitled to treble damages pursuant to 15 U.S.C. § 1117.

61.    Moshi is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117, and transfer of the "moshi.com" domain name to Moshi.

## PRAYER

WHEREFORE, Moshi respectfully requests judgment as follows:

a.  That the Court enter a judgment against Defendants, that they have:

   i.   committed and are committing acts of false designation of origin, false or misleading description of fact and false or misleading representation of fact against Moshi as defined in 15 U.S.C. § 1125(a);

   ii.  infringed the rights of Moshi in its federally registered trademark under 15 U.S.C. § 1114;

   iii. diluted the distinctive quality of the MOSHI mark, trade name, and service mark;

iv. competed unfairly with Moshi in violation of Cal. Bus & Prof. Code §
17200 *et seq.*;

v. infringed the rights under the laws of the State of California with respect
to Moshi's mark;

vi. violated Moshi's rights to its mark under California common law; and

vii. otherwise injured the business reputation, goodwill and business of Moshi
by their acts and conduct set forth in this Complaint;

b. That the Court issue preliminary and permanent injunctions against Defendants,
that Defendants, their agents, representatives, employees and assigns, and all
others in active concert or participation with them, be enjoined and restrained
during the pendency of this action and permanently thereafter, from:

i. using the domain names "moshi.com" or any other domain name
confusingly similar to the MOSHI mark in connection with Defendants'
website;

ii. imitating, copying or making any other unauthorized use of MOSHI mark,
Federally Registered Trademark No. 3,786,992 or the "moshi.com"
domain name;

iii. manufacturing, producing, distributing, circulating, selling, offering for
sale, advertising, importing, exporting, promoting or displaying any
service, product or thing bearing any simulation, reproduction,
counterfeit, copy or colorable imitation of the MOSHI mark, Federally
Registered Trademark No. 3,786,992 or the "moshi.com" domain name;

iv. using any simulation, reproduction, counterfeit, copy or colorable
imitation of the MOSHI mark, Federally Registered Trademark No.
3,786,992 or the "moshi.com" domain name in connection with
promotion, advertisement, display, sale, offering for sale, manufacture,

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL. (213) 630-5000

1          production, circulation or distribution of any service, product or thing not

2          manufactured or authorized or licensed by Moshi;

3      v.  engaging in any other activity constituting an infringement under federal

4          law, California state law or California common law of Moshi's rights in,

5          or to use or to exploit, said trademark, or constituting any dilution of

6          Moshi's mark, trade name, service mark, reputation or goodwill;

7     vi. diluting the distinctive quality of Moshi's mark, trade name, service mark,

8          logo and trademark protected products;

9    vii. using the name, logo or any variations thereof of Moshi's mark in any of

10         Defendants' trade or corporate names;

11   viii. disposing of or destroying any documents or things that show, indicate,

12         reference or otherwise document that Defendants have marketed,

13         distributed, solicited for distribution, advertised, sold or offered for sale

14         products and/or services which either bear Moshi's mark, trade name

15         service mark or logo or any simulation, copy, colorable imitation, or

16         counterfeit of Moshi's mark; and

17    ix. assisting, aiding or abetting any other person or business entity in

18         engaging in or performing any of the activities referred to in

19         subparagraphs (i) through (viii) above;

20  c.  Awarding Moshi its actual damages and/or Defendants' profits and trebling those

21     damages against Defendants, jointly and severally, and/or statutory damages on

22     those claims asserted pursuant to 15 U.S.C. § 1125, § 1114 and/or California state

23     or common law;

24  d.  Alternatively, awarding Moshi statutory damages in the sum of $100,000;

25  e.  Awarding Moshi its attorneys' fees incurred in prosecuting this action against

26     Defendants, jointly and severally;

27  f.  Awarding Moshi its allowable costs against Defendants, jointly and severally;

28

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

g.   Transfer the "moshi.com" domain name to Moshi; and

h.   That the Court grant to Moshi such other and additional relief as is just and

proper.

Dated:  June 28, 2011                           Respectfully Submitted,

BAUTE CROCHETIERE & MALONEY LLP

By:   _____

Henry C. Wang
*Attorneys for Plaintiff*
AEVOE CORPORATION

Open a FREE Account | Log in | Help

## DomainTools

| moshi.com | Whois Search | Search |

More Domains
Reverse Whois
History Details
Get Notified
Trademark Monitor
Screenshot History

### Whois Record For Moshi.com

Like

Ads by Google

**WebCam Chat (100% Free)** Chat Now with Fun Sexy Locals.Enter Your Zip & Chat Instantly. Go Now! www.SpeedDate.com

**DDD Immersion Workshop** Join Gojko Adzic and learn Domain Driven Design in London Sept 27-30 skillsmatter.com

**GoDaddy #1 domain names** $7.49 .COM Domains - Save Today Inc: Hosting, Blogcast, Email, More GoDaddy.com

**Dating Site - Free Photos** Online Dating at Match.com Browse Profiles and Pics for Free! Dating.Match.com

**WordPress Website Hosting** Easy to setup, automated WordPress installation for only $5.95/mo www.bluehost.com

Ads by Google

**$33.33 Overstock Laptops?**
Today: Website Selling Laptops for as low as $33.33! Buy Yours Today?
QuiBids.com/Blowout

**Create Your Own World**
Imagine - Build - Play Your Own Virtual World for Free!
www.roblox.com

**Domains For Sale**
Search for Premium Domain Names. 1000's of Choices at BuyDomains.com
www.BuyDomains.com

**$6.99 Domain Names**
Special Offer: Domains Only $6.99. By the Original Domain Registrar!
www.NetworkSolutions.com

**Website Availability**
Free Daily Report of Your Web Page Performance Compared to Competitors
www.Gomez.com/Benchmark-Tool

**Host Your Website on Ning**
Design and Host Your Social Website With Ning
www.ning.com

**Play Our Online Game**
Help Your Mighty Dog® Friend Nab His Nemesis - Play Online Now!
www.mightydogadventures.com

Whois Record | Site Profile | Registration | Server Stats | My Whois

**Moshi.com is for sale**
The owner of the domain you are researching has it listed for sale

**Buy Moshi.com now >**

Reverse Whois: "Stanley Pace" owns about **36,240 other domains**

Email Search: lorinpace@gmail.com is associated with about **36,588 domains**

Registrar History: **2 registrars**

NS History: **10 changes** on 5 unique name servers over 4 years.

IP History: **13 changes** on 6 unique IP addresses over 4 years.

Whois History: **134 records** have been archived since 2000-11-28 .

Reverse IP: **30,110 other sites** hosted on this server.

Log In or Create a FREE account to start monitoring this domain name

**DomainTools for Windows®**
Now you can access domain ownership records anytime, anywhere...
right from your own desktop! Download Now >





GRAB YOUR .CO.UK DOMAIN FOR ONLY €EUR / S9.00
*For Illustration Purposes

**Country TLDs**   General TLDs

Available domains for registration:

| | |
|---|---|
| Moshi.at | Register |
| Moshi.ch | Register |
| Moshi.es | Register |
| Moshi.lt | Register |
| Moshi.mx | Register |
| Moshi.pl | Register |

**Register All Selected >**

```
Domain moshi.com:
  Stanley Pace
  4700 Nantucket Ct.
  Flower Mound, TX 75022 US

Administrative contact:
Technical contact:
Billing contact:

  Stanley Pace
  lorinpace@gmail.com

  4700 Nantucket Ct.
  Flower Mound, TX 75022 US
  Phone: +1.3109297555
  Fax:

Record dates:
  Record created on: 1996-11-11 05:00:00 UTC
  Record modified on: 2010-10-20 20:09:01 UTC
  Record expires on: 2011-11-10 UTC

Nameservers:
  ns1.above.com:
  ns2.above.com:
```

Exh. "B"

# REDACTED PER ATTORNEY-CLIENT PRIVILEGE

---------- Forwarded message ----------
From: **Kimberly Nakashima** <kimberly.nakashima@gmail.com>
Date: Mon, Jun 13, 2011 at 1:22 PM
Subject: Fwd: moshi.com domain
To: michael.leonhard@moshicorp.com

---------- Forwarded message ----------
From: **Lorin Pace** <lorinpace@gmail.com>
Date: Thu, May 5, 2011 at 9:07 PM
Subject: Re: moshi.com domain
To: Kimberly Nakashima <kimberly.nakashima@gmail.com>

Please make a serious offer and we will let you know if it is realistic

On Thu, May 5, 2011 at 9:21 PM, Kimberly Nakashima <kimberly.nakashima@gmail.com>
wrote:
| Dear Stanley,

Exh. "C"

I am interested in purchasing the domain moshi.com.  I understand that you are currently the owner. Can you please let me know if the domain is still available for purchase?

Thanks,

-Kim

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Colton Pace_     ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   _C PACE_     C. Date of Delivery _8/5/11_

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

STANLEY PACE
4700 NANTUCKET COURT
FLOWER MOUND
      TEXAS 75022

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7008 1830 0004 8668 9165

PS Form 3811, February 2004     7008 1830 0004 8668 9165     M-1540

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Colton Pace_     ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   _C PACE_     C. Date of Delivery _8/5/11_

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

STANLEY PACE
4700 NANTUCKET COURT
FLOWER MOUND
      TEXAS 75022

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7008 1830 0004 8668 9165

PS Form 3811, February 2004     7008 1830 0004 8668 9165     M-1540

Exh. "D"

777 S. FIGUEROA STREET · SUITE 4900
LOS ANGELES, CALIFORNIA 90017

BAUTE
CROCHETIERE
& MALONEY LLP

Mr. Stanley Pace
36310 SE 13th Street
Washougal, WA 98671-8758

REASON CHECKED
☐ Refused
☐ Unclaimed - Not known
☐ Attempted - Not known
☐ Insufficient Address
☐ No Such Street
☐ No Such Office In State
☐ No Such Number
☐ Do Not Remain This Envelope

Please file
in Redwell
entitled
"Attempted Service"

7/6/11

7/6/11

CERTIFIED MAIL

7008 1830 0004 8998 9158

UNITED STATES POSTAGE
$04.93
02 1M
0054248633  JUL 06 2011
MAILED FROM ZIP CODE 90017



Exh. "E"

| Dspchr | Time | Driver 1 | P/U-Date | Arrival | Depart | Wait | |
|---|---|---|---|---|---|---|---|
| 296 | | 522 | 7/06/11 | 18:00 | 18:00 | | |

| Pieces | Weight | Driver 2 | Del-Date | Arrival | Depart | Wait | Signature |
|---|---|---|---|---|---|---|---|
| | | | 7/06/11 | 19:00 | 19:00 | | OTC |

| Cust # | Customer Name | | Svc Type | Pieces | Weight | Control # | CSR |
|---|---|---|---|---|---|---|---|
| 278 | BAUTE & TIDUS LLP | | HOTDLVR | | | 371949 | AI |

| Ordered By | Reference Number | | Page / Of | RndTrip | COD | Order Date | Vehicle |
|---|---|---|---|---|---|---|---|
| ADMIN | MAIL RUN | | 1/   1 | CRTRUN | No | 7/06/11 | |

Pickup Information BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET
LOS ANGELES        CA    90017
213 630-5000              Zns:   1
            Rm:SUITE 4900

BOL#: 2000090

PICK UP MAIL AT 5:15
DELIVER BY 7:00 PM
TO LOADING DOCK
GATE 4

Rcd 7/06/11  Hours
Fr:17:15
To:17:15
**ROUND TRIP**
** RE-PRINT **

Delivery Information USPS
7001 S. CENTRAL AVE
LOS ANGELES        CA    90001

Printer Control Number:    2 /   4527

1 CERTIFIED MAIL
RETURN RECIEPT
ON CT RUN

                    *SCH*
Entered:   7/06/11    07:00

Rcd 7/06/11  Driver 1
Fr:18:00         522
To:19:00   Driver 2

Sign? YES  Call Back?



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ 2.08 |
|---|---|
| Certified Fee | 2.85 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.93 |

Postmark Here

7008 1830 0004 8998 9158

Sent To STanley Pace
Street, Apt. No.; or PO Box No. 34210 SE 13th Street
City, State, ZIP+4 WACHOUGAL, WA 98671-8758

PS Form 3800, August 2006          See Reverse for Instructions

# Bill of Lading

**User Name:**
**Company:** BAUTE & TIDUS LLP

Los Angeles 213-249-9999, Sacramento 916-443-4400, Santa Ana 714-558-2400
Phoenix 602-256-9700, San Francisco 415-351-0400, Sherman Oaks 818-385-2400
Riverside 951-275-0071, San Diego 619-232-7500, Tucson 520-624-9700

**Nationwide Legal**          **(213) 249-9999**          
**Control Number:** 381032          **eTrac Number:** 91148542

| Submitter Information | | Shipping Information | |
|---|---|---|---|
| Account: | 278 | Service Type: | PRS RSH- 24 HRS |
| Name: | BAUTE & TIDUS LLP | Return Service: | STDDLVR |
| Requested By: | KIRSTEN DEVERE | Pieces: | 0 |
| Reference: | 2139.1 | Weight: | 0.0 Lbs. |
| BOL No.: | SEE NOTEPAD!!! | Charges: | 0.00 |
| Entered: | 04-AUG-2011 15:19 | Quote: | 0.00 |
| Last Updated: | 04-AUG-2011 18:19 (EST) | | |

| Pick Up From | Deliver To |
|---|---|
| BAUTE & TIDUS LLP<br>KIRSTEN DEVERE<br>777 SOUTH FIGUEROA STREET<br>SUITE 4900<br>LOS ANGELES, CA  90017<br><br>Phone: 213-630-5080 | MR. STANLEY PACE<br>(RESIDENCE)<br>4700 NANTUCKET COURT<br>FLOWER MOUND, TX  75022 |

| Pickup Details | | Special Instructions | |
|---|---|---|---|
| Requested Date: | 04-AUG-2011 | Requested Date: | 04-AUG-2011 |
| Ready Time: | NOW | Deliver By: | 15:19 |
| | | | |
| **Pickup Instructions:** | | Mr. Pace is a man 25-35. Do not serve his elderly father. See my note about documents to be shown on the proof. | |
| Case Number: CV 11-3215 MEJ | | | |
| Case Name: AEVOE V. PACE | | | |
| Type of Docs: SUMMONS & COMPLAINT, TOTAL 16 DOCS (SEELIST) | | | |
| | | | |
| **Actual Date:** | | **Actual Date:** | |
| Arrival Time: | | Arrival Time: | |
| Departure Time: | | Departure Time: | |

| Driver:<br><br>Date:<br><br>Time: | Received by:<br><br>X<br><br>Print Name: |
|---|---|

eTrac Order Entry
© 2009 eTrac  All rights reserved.

Exh. "F"

# Bill of Lading

**User Name:**
**Company: BAUTE & TIDUS LLP**

Los Angeles 213-249-9999, Sacramento 916-443-4400, Santa Ana 714-558-2400
Phoenix 602-256-9700, San Francisco 415-351-0400, Sherman Oaks 818-385-2400
Riverside 951-275-0071, San Diego 619-232-7500, Tucson 520-624-9700

**Nationwide Legal**          **(213) 249-9999**          

**Control Number:** 381035          **eTrac Number:** 91148580

| Submitter Information | | Shipping Information | |
|---|---|---|---|
| Account: | 278 | Service Type: | PRS RSH- 24 HRS |
| Name: | BAUTE & TIDUS LLP | Return Service: | STDDLVR |
| Requested By: | KIRSTEN DEVERE | Pieces: | 0 |
| Reference: | 2139.1 | Weight: | 0.0 Lbs. |
| BOL No.: | SEE NOTEPAD!!! | Charges: | 0.00 |
| Entered: | 04-AUG-2011 15:21 | Quote: | 0.00 |
| Last Updated: | 04-AUG-2011 18:21 (EST) | | |

**Pick Up From**

BAUTE & TIDUS LLP
KIRSTEN DEVERE
777 SOUTH FIGUEROA STREET
SUITE 4900
LOS ANGELES, CA  90017

**Phone:** 213-630-5080

**Deliver To**

MR. STANLEY PACE
(RESIDENCE)
36310 SE 13TH STREET
WASHOUGAL, WA  98671

**Pickup Details**

| | |
|---|---|
| **Requested Date:** | 04-AUG-2011 |
| **Ready Time:** | NOW |

**Pickup Instructions:**
**Case Number:** CV 11-3215 MEJ
  **Case Name:** AEVOE V. PACE
**Type of Docs:** SUMMONS & COMPLAINT, TOTAL 16 DOCS (SEELIST)

**Actual Date:**
**Arrival Time:**
**Departure Time:**

**Special Instructions**

| | |
|---|---|
| **Requested Date:** | 04-AUG-2011 |
| **Deliver By:** | 15:21 |

Mr. Pace is a man 25-35. Do not serve his elderly father. See my note about documents to be shown on the proof.

**Actual Date:**
**Arrival Time:**
**Departure Time:**

**Driver:**

**Date:**

**Time:**

**Received by:**

X

**Print Name:**

eTrac Order Entry
© 2009 eTrac  All rights reserved.

Exh. "G"

Re:     AEVOE v. PACE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 136510.1
        Case No. CV 11-3215 MEJ
        Our File No. 2139.1

Documents to served to Stanley Pace.

DOCUMENTS TO BE SERVED AND SHOWN ON PROOF OF SERVICE:

SUMMONS IN A CIVIL ACTION

COMPLAINT

CIVIL COVER SHEET

NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES MAGISTRATE JUDGE FOR
        TRIAL

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR
        REASSIGNMENT TO A UNITED STATES DISTRICT COURT JUDGE

STANDING ORDER RE: DISCOVERY AND DISPUTE PROCEDURES FOR CASES
        ASSIGNED OR REFERRED TO MAG. JUDGE MARIA-ELENA JAMES

CASE MANAGEMENT STANDING ORDER - MAGISTRATE JUDGE MARIA-ELENA
        JAMES

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF
        CALIFORNIA, CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR
        DEADLINES

CERTIFICATION OF INTERESTED PARTIES OR ENTITIES

PLAINTIFF'S DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. PROC. RULE 7.1

REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A
        PATENT OR TRADEMARK

WELCOME TO THE U.S. DISTRICT COURT - GUIDELINES

ECF REGISTRATION INFORMATION HANDOUT

EXHIBIT B

## DECLARATION OF THOMAS PIKOR

I, THOMAS PIKOR, hereby declare:

1.      I am a licensed investigator and co-founder of PL Investigative Group, a private full-service investigative consultancy firm, license number 26634.  I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto under oath.

2.      I was retained by Aevoe Corporation to locate the individual Stanley L. Pace.  Aevoe initially provided me with the address 4700 Nantucket Ct., Flower Mound, TX 75022 to use as a reference point for my search.

3.      I conducted extensive database research to locate other addresses for Stanley L. Pace. During the course of my research, I accessed a number of subscription-based people finder and public record databases regularly used by private investigation firms.  I also conducted traditional and "deep web" Internet searches to in an effort to locate Mr. Pace's current physical whereabouts.

4.      A people search that I conducted through IRB Search, an online provider of address histories and other background records, did not return any active or current addresses belonging to Stanley L. Pace.

5.      I spent approximately 3 hours in my search investigations.  Despite my continued efforts, I was unable to track down Stanley L. Pace.

DATED: August 26, 2011                                    /s/ Thomas Pikor
                                                         THOMAS PIKOR

BAUTE CROCHETIERE & MALONEY LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL (213) 630-5000

1    2    3    4    5    6    7    8    9    10    11    12    13    14    15    16    17    18    19    20    21    22    23    24    25    26    27    28