BAUTE CROCHETIERE & MALONEY LLP
Henry C. Wang (SBN 196537)
hwang@bautelaw.com
Candice J. Hyon (SBN 272261)
chyon@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Plaintiff*
AEVOE CORPORATION

GRANTED
Judge Maria-Elena James

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEVOE CORPORATION, a California Corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>STANLEY PACE, an individual; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.: CV11 - 03215<br><br>**PLAINTIFF'S MOTION FOR AN AMENDED ORDER ALLOWING DEFENDANT STANLEY PACE TO BE SERVED BY PUBLICATION**<br><br>[Filed concurrently with the Declaration of Candice J. Hyon]<br><br>F.R.C.P. Rule 4(e)(1)<br><br>Chief Magistrate Judge Maria-Elena James<br><br>Date: October 13, 2011<br>Time: 10:00 a.m.<br>Courtroom: B, 15th Floor |

---

138406         1         PLAINTIFF'S MOTION FOR AN AMENDED
ORDER RE: SERVICE BY PUBLICATION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 13, 2011, at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Maria-Elena James in the above entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff AEVOE CORPORATION ("Aevoe") will move for an Order to Amend this Court's August 29, 2011 Order Allowing Defendant Stanley Pace ("Pace") to Be Served By Email And Publication, pursuant to Fed. R. Civ. Proc. 4(e)(1), Cal. Code Civ. Proc. § 413.30 and § 415.50, and Cal. Govt. Code § 6064. Aevoe respectfully requests this Court to amend the publishing newspaper in Flower Mound, Texas from the Cross Timbers Gazette to the Flower Mound Leader.

This motion is made on the grounds that complying with the Court's August 29, 2011 Order would not satisfy the requirements under Cal. Govt. Code § 6064. Aevoe's counsel inadvertently proposed publishing the summons in the Cross Timbers Gazette, a Texas publication that publishes issues once a month and does not publish legal notices. Aevoe now seeks to publish the summons in the Flower Mound Leader, under the Court's August 29, 2011 Order. Aevoe's counsel has called the Flower Mound Leader and confirmed that it is a weekly publication that is capable of publishing legal notices.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Candice J. Hyon, and any further oral or documentary evidence which may be presented at or before the hearing on this motion.

Dated: September ___, 2011  BAUTE CROCHETIERE & MALONEY LLP

By: _____
Henry C. Wang
Candice J. Hyon
*Attorneys for Plaintiff*
AEVOE CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND ARGUMENT

Plaintiff AEVOE CORPORATION ("Aevoe"), hereby submits this Motion to Amend this Court's August 29, 2011 Order Granting Plaintiff's Motion For An Order Allowing Defendant Stanley Pace To Be Served By Email And Publication, pursuant to Fed. R. Civ. P. 4(e)(1), Cal. Code Civ. Proc. § 413.30 and § 415.50, and Cal. Govt. Code § 6064, and respectfully requests this Court to allow Aevoe to serve Defendant Stanley Pace ("Pace") by publication in the Flower Mound Leader in lieu of publication in the Cross Timbers Gazette. Aevoe's counsel inadvertently proposed publishing in the Cross Timbers Gazette, a Texas publication that publishes issues once a month and does not publish legal notices.

Aevoe submits this Motion to Amend because complying with this Court's August 29, 2011 Order (*see* Court's August 29, 2011 Order, "Order," attached to the Declaration of Candice J. Hyon as **Exhibit A**) would not satisfy the requirements under Cal. Govt. Code § 6064. Section 6064 states:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov. Code § 6064

On the face of its website, the Cross Timbers Gazette appears to be a daily running paper, but in reality it publishes issues only once a month. Hyon Decl., ¶ 2. In addition, despite having a varied and general Classifieds section, the Cross Timbers Gazette does not publish legal notices. Hyon Decl., ¶ 2. Aevoe's counsel discovered this information only after this Court issued its August 29, 2011 Order, when it contacted the Cross Timbers Gazette in an attempt to implement the Order. Hyon Decl., ¶ 2; *see* Order, attached therein as **Exhibit A**. On August 30, 2011, when Aevoe's counsel called the Cross Timbers Gazette to inquire about legal notices, the representative referred

Aevoe's counsel to the Flower Mound Leader, another local publication which publishes weekly issues. Hyon Decl., ¶ 2. Aevoe's counsel has called the Flower Mound Leader and confirmed that it is a weekly publication and is capable of publishing legal notices. Hyon Decl., ¶ 2. If this Court grants this Motion, Aevoe will publish the summons in the Flower Mound Leader, under the Court's August 29, 2011 Order.

## II.  CONCLUSION

In view of the foregoing, Aevoe respectfully requests this Court to amend the August 29, 2011 Order Allowing Defendant Stanley Pace To Be Served By Email And Publication, to serve Pace by publication of the summons in the Flower Mound Leader in lieu of publication in the Cross Timbers Gazette.

Dated: September 1, 2011

BAUTE CROCHETIERE & MALONEY LLP

By: _____
Henry C. Wang
Candice J. Hyon
*Attorneys for Plaintiff*
AEVOE CORPORATION

## DECLARATION OF CANDICE J. HYON

I, CANDICE J. HYON, hereby declare:

1.  I am an attorney at law, duly licensed and entitled to practice in the State of California. I am an associate of the firm of Baute Crochetiere & Maloney LLP, counsel of record for Plaintiff AEVOE CORPORATION ("Aevoe") in this matter. As such, I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto under oath.

2.  During my research, I found the Cross Timbers Gazette, the local newspaper encompassing the region including the city of Flower Mound, Texas. On the face of its website, the Cross Timbers Gazette appears to be a daily running paper, but in reality it publishes issues only once a month. In addition, despite having a varied and general Classifieds section, the Cross Timbers Gazette does not publish legal notices. I discovered this information only after this Court issued its August 29, 2011 Order, when I contacted the Cross Timbers Gazette, in an attempt to implement the Order. See Order, attached herein as **Exhibit A**. On August 30, 2011, when I called the Cross Timbers Gazette to inquire about legal notices, the representative referred me to the Flower Mound Leader, another local publication which publishes weekly issues. I called the Flower Mound Leader and confirmed that it is a weekly publication and is capable of publishing legal notices.

DATED: September 1, 2011

_____
CANDICE J. HYON

# EXHIBIT A

UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| AEVOE CORPORATION, | No. C 11-3215 MEJ |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER ALLOWING DEFENDANT STANLEY PACE TO BE SERVED BY EMAIL AND PUBLICATION |
| v. | |
| STANLEY PACE, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Aevoe Corporation sues for alleged cybersquatting by Defendant Stanley Pace related to the website www.moshi.com. Compl. ¶ 1, Dkt. No. 1. Presently before the Court is Aevoe's Motion for an Order Allowing Defendant Stanley Pace to be Served (1) by Email, or (2) by Email and Publication. Dkt. No. 6. Aevoe says that it has been unsuccessful in its efforts to effect personal service, arguing that Pace is evading service of process. Mot. at 2, Dkt. No. 6. Aevoe alleges that it has exercised reasonable diligence to locate Pace, that Aevoe's mailings to Pace are being returned, that Pace is not responding to phone calls or emails, that certified mail was sent to Pace's known address, which was signed and returned, but cannot be verified as Pace's signature, that Pace cannot be located by a hired investigator, and that Aevoe has unsuccessfully attempted to serve Pace by personal service, substitute service, and mail service. *Id.* Aevoe further alleges that it has previously communicated with Pace via email, and that he has actual notice of this lawsuit because he has received a copy of the complaint via e-mail from Aevoe. *Id.* The Court finds this matter suitable for disposition without oral argument and hereby VACATES the October 6, 2011 hearing. Civil L.R. 7-1(b).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), service upon an individual may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Rule 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Rule 4(e)(1), the Court looks to California law, the state in which this Court sits, to determine the sufficiency of the proposed service. While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30.

Service by publication is also permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

UNITED STATES DISTRICT COURT
For the Northern District of California

2

1  Cal. Code Civ. Proc. § 415.50(a). "Because of due process concerns, service by publication must be
2  allowed only as a last resort." *Duarte v. Freeland*, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008)
3  (internal quotations and citations omitted).
4      In determining whether a plaintiff has exercised "reasonable diligence" for purposes of
5  section 415.50(a), a court must examine the affidavit required by the statute to see whether the
6  plaintiff "took those steps a reasonable person who truly desired to give notice would have taken
7  under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "'Before
8  allowing a plaintiff to resort to service by publication, the courts necessarily require him to show
9  exhaustive attempts to locate the defendant, for it is generally recognized that service by publication
10 rarely results in actual notice.'" *Watts v. Crawford*, 10 Cal. 4th 743, 749 (1995). The fact that a
11 plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . .
12 avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal. App. 3d at
13 333.

14                    **III. APPLICATION TO THE CASE AT BAR**

15     Here, Aevoe has made reasonable and diligent attempts to serve Pace by both personal and
16 substitute service. Specifically, Aevoe's efforts include:
17 • calling the phone numbers attached to Pace's known adddresses;
18 • emailing a cease and desist letter to Pace's known email address (lorinpace@gmail.com);
19 • sending the complaint via certified mail to Pace's known address;
20 • sending the complaint via certified mail to Pace's secondary address;
21 • attempting to personally serve Pace via a process server at his known address;
22 • attempting to personally serve Pace via a process server at his secondary addresses; and
23 • retaining a private investigator to track Pace down.
24 Hyon Decl. ¶ 7, Dkt. No. 6, Ex. A.
25     Given this background, the Court finds that Aevoe has demonstrated that it has taken several
26 reasonable steps to effect service upon Pace. Thus, under the circumstances, the Court finds it
27 appropriate to permit alternative service and hereby GRANTS Aevoe's motion for leave to serve
28

1 Pace by an alternative method. However, out of an abundance of caution, the Court shall require
2 Aevoe to serve Pace both by email and publication. Accordingly, Aevoe shall serve Pace by email at
3 his address, lorinpace@gmail.com, and by publication in the Cross Timbers Gazette, (the local paper
4 service covering Southern Denton County, Texas, which includes the Flower Mound community) and
5 the Camas-Washougal's Post-Record, (the local paper serving Washougal, Washington). Aevoe will
6 comply with California Government Code section 6064, which provides in part that the publication in
7 the newspaper must occur four times with five days in between each publication. Aevoe shall have
8 90 days from the date of this order in which to effect service. The case management conference set
9 for October 6, 2011 is continued to January 19, 2012 at 10:00 a.m. All case management and ADR
10 deadlines are adjusted accordingly.

11     **IT IS SO ORDERED.**

13 Dated: August 29, 2011

                                              Maria-Elena James
                                              Chief United States Magistrate Judge