UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| AEVOE CORPORATION,<br><br>        Plaintiff,<br>v.<br>STANLEY PACE,<br><br>        Defendant.<br>_____/ | No. C 11-3215 MEJ<br><br>**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER ALLOWING DEFENDANT STANLEY PACE TO BE SERVED BY EMAIL AND PUBLICATION** |

## I. INTRODUCTION

Plaintiff Aevoe Corporation sues for alleged cybersquatting by Defendant Stanley Pace related to the website www.moshi.com. Compl. ¶ 1, Dkt. No. 1. Presently before the Court is Aevoe's Motion for an Order Allowing Defendant Stanley Pace to be Served (1) by Email, or (2) by Email and Publication. Dkt. No. 6. Aevoe says that it has been unsuccessful in its efforts to effect personal service, arguing that Pace is evading service of process. Mot. at 2, Dkt. No. 6. Aevoe alleges that it has exercised reasonable diligence to locate Pace, that Aevoe's mailings to Pace are being returned, that Pace is not responding to phone calls or emails, that certified mail was sent to Pace's known address, which was signed and returned, but cannot be verified as Pace's signature, that Pace cannot be located by a hired investigator, and that Aevoe has unsuccessfully attempted to serve Pace by personal service, substitute service, and mail service. *Id.* Aevoe further alleges that it has previously communicated with Pace via email, and that he has actual notice of this lawsuit because he has received a copy of the complaint via e-mail from Aevoe. *Id.* The Court finds this matter suitable for disposition without oral argument and hereby VACATES the October 6, 2011 hearing. Civil L.R. 7-1(b).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), service upon an individual may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Rule 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Rule 4(e)(1), the Court looks to California law, the state in which this Court sits, to determine the sufficiency of the proposed service. While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30.

Service by publication is also permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). "Because of due process concerns, service by publication must be allowed only as a last resort." *Duarte v. Freeland*, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (internal quotations and citations omitted).

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of section 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "'Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.'" *Watts v. Crawford*, 10 Cal. 4th 743, 749 (1995). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . . avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal. App. 3d at 333.

### III.   APPLICATION TO THE CASE AT BAR

Here, Aevoe has made reasonable and diligent attempts to serve Pace by both personal and substitute service. Specifically, Aevoe's efforts include:

- calling the phone numbers attached to Pace's known adddresses;
- emailing a cease and desist letter to Pace's known email address (lorinpace@gmail.com);
- sending the complaint via certified mail to Pace's known address;
- sending the complaint via certified mail to Pace's secondary address;
- attempting to personally serve Pace via a process server at his known address;
- attempting to personally serve Pace via a process server at his secondary addresses; and
- retaining a private investigator to track Pace down.

Hyon Decl. ¶ 7, Dkt. No. 6, Ex. A.

Given this background, the Court finds that Aevoe has demonstrated that it has taken several reasonable steps to effect service upon Pace. Thus, under the circumstances, the Court finds it appropriate to permit alternative service and hereby GRANTS Aevoe's motion for leave to serve

Pace by an alternative method. However, out of an abundance of caution, the Court shall require Aevoe to serve Pace both by email and publication. Accordingly, Aevoe shall serve Pace by email at his address, lorinpace@gmail.com, and by publication in the Flower Mound Leader, a local newspaper which publishes weekly editions, and the Camas-Washougal's Post-Record, the local paper serving Washougal, Washington. Aevoe will comply with California Government Code section 6064, which provides in part that the publication in the newspaper must occur four times with five days in between each publication. Aevoe shall have 90 days from the date of this order in which to effect service. The case management conference set for October 6, 2011 is continued to January 19, 2012 at 10:00 a.m. All case management and ADR deadlines are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: September 6, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge