1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    AEVOE CORPORATION,

10            Plaintiff,                              No. C 11-03215 JSW

11       v.

12   STANLEY PACE,                              **ORDER GRANTING MOTION TO**
                                                **DISMISS AND GRANTING**
13            Defendant.                        **SPECIAL MOTION TO STRIKE**
     _____/

14

15           Now before the Court is Plaintiff Aevoe Corporation's motion to dismiss Defendant

16   Stanley Pace's amended counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6)

17   and Plaintiff's special motion to strike the fifth and sixth counterclaim pursuant to California's

18   anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute, California Code of Civil

19   Procedure 425.16.  Having considered the parties' arguments and relevant legal authority, the

20   Court hereby GRANTS the motion to dismiss and GRANTS the special motion to strike.

21                                    **BACKGROUND**

22           Aevoe Corporation is a company based in Sunnyvale, California that provides

23   accessories for consumer electronic products and computers under the MOSHI brand.  Plaintiff

24   alleges that Defendant is a domain privateer who has amassed a collection of domain names,

25   including the domain name "moshi.com."  On June 28, 2011, Plaintiff sued for cybersquatting

26   on the domain name as well as for trademark infringement and related causes of action.  On

27   November 7, 2011, Defendant answered and filed counterclaims.  Following a motion to

28   dismiss the counterclaims, Defendant filed his answer and amended his counterclaims.  Plaintiff

*United States District Court*
For the Northern District of California

1  now moves to dismiss all six counterclaims in the answer and amended counterclaims pursuant

2  to Rule 12(b)(6) and specially moves to strike counterclaims five and six pursuant to California

3  anti-SLAPP statute.

**ANALYSIS**

**A.    Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiffs must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 2009 WL 1361536 at *12 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**United States District Court**
For the Northern District of California

2

**B.      Motion to Dismiss Amended Counterclaims.**

      **1.      Cancellation of Trademark Registration.**

In his amended counterclaim, Defendant alleges that a representative of Plaintiff's company applied to the Patent and Trademark Office ("PTO") in May 2007 to register the mark MOSHI in a stylized format and design, and swore that the word was "self-created" and had no geographical significance or meaning in any foreign language. (Amended Counterclaims at 8.) The PTO refused to grant the registration as it had granted registration to a prior mark with the same word. (*Id.* at 9.) Defendant also alleges that Plaintiff filed a new trademark application in July 2009 and that Plaintiff's representative failed to mention the earlier application and prior trademark, as well as declared again that the word had no geographical significance or meaning in any foreign language. (*Id.*) The PTO granted the application for trademark registration on the MOSHI mark May 11, 2011. (*Id.* at 10.)

A third party may petition to cancel a registered mark on the ground that the "registration was obtained fraudulently." 15 U.S.C. § 1064(3). "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application." *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46, 48 (Fed. Cir. 1986). A party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof. *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (internal citations omitted). Indeed, "the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Id.* (citations omitted). The elements must be pled with particularity, as Federal Rule of Civil Procedure 9(b) requires that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See Hana Financial, Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1233 (C.D. Cal. 2007) (citing Fed. R. Civ. P. 9(b)).

The deception on the PTO must be willful to constitute fraud. *See id.* "Merely making a false statement is not sufficient to cancel a mark." *L.D. Kichler Co. v. Davoil Inc.*, 192 F.3d 1349, 1351 (Fed. Cir. 1999). Indeed, an error or inadvertent misstatement is insufficient to

1   establish fraud.  *Id.*  In addition to demonstrating intent to deceive, the party seeking

2   cancellation must also establish that the deception involved a misstatement of a material fact.  A

3   material fact is "one that would have affected the PTO's action on the applications."  *Orient*

4   *Express Trading Co. v. Federal Dep't Stores, Inc.*, 842 F.2d 650, 653 (2d Cir. 1988).

5           The two allegations in Defendant's amended counterclaim supporting the cause of

6   action for cancellation of Plaintiff's mark are that Plaintiff's representative failed to mention an

7   earlier application and prior trademark and that Plaintiff's representative stated that the word

8   moshi had no geographical significance or meaning in any foreign language.  Even if true,

9   however, these representations would not constitute the basis for a cause of action for

10  cancellation of the mark.  Disclosure of the foreign meaning of a word is only relevant when (1)

11  the PTO examiner applies the doctrine of foreign equivalents to determine whether a foreign

12  word and its English equivalent may be found confusingly similar or (2) the English translation

13  of a foreign word may show that the mark is merely descriptive.  *See* Trademark Manual of

14  Examining Procedure §§ 1207.01(b)(vi), 1207.01(b)(vi)(A).  The allegation of the

15  misrepresentation regarding the foreign meaning of the term is not material in this instance.

16  Secondly, the alleged misrepresentation of a prior rejection of the application is similarly

17  immaterial.  *See William Grant & Son, Inc. v. Nat'l Distillers & Chemical Corp.*, 173 U.S.P.Q.

18  813 (T.T.A.B. 1972) (holding that trademark registrant did not act fraudulently where it failed

19  to mention prior registration as examiner "knew or should have known of prior registration of

20  same mark").

21          There is no factual support for the allegations that Plaintiff's alleged misrepresentations

22  were material or relied upon.  Accordingly, the Court GRANTS Plaintiff's motion to dismiss

23  the first counterclaim for cancellation of trademark.

24          **2.      Wire Fraud.**

25          It is a violation of 18 U.S.C. § 1962(c) "for any person employed by or associated with

26  any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such

27  enterprise's affairs through a pattern of racketeering activity...."  Thus, in order to state a civil

28  RICO claim, Defendant must allege the following elements: (1) conduct (2) of an enterprise (3)

**United States District Court**
For the Northern District of California

4

United States District Court

For the Northern District of California

1   through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to a

2   party's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d

3   353, 361 (9th Cir. 2005) (internal citations omitted).  An "enterprise" is defined to include "any

4   individual, partnership, corporation, association, or other legal entity, and any union or group of

5   individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Racketeering

6   activity is any act indictable under any of the statutory provisions listed in 18 U.S.C. § 1961(1).

7   A "pattern of racketeering activity" requires the commission of at least two such acts within a

8   ten-year period. 18 U.S.C. § 1961(5).

9   The party claiming RICO violation only has standing to make such a claim for treble

10  damages by virtue of having been injured in his business or property.  *See* 18 U.S.C. § 1964(c).

11  To demonstrate RICO standing, a party must allege that it suffered an injury to its "business or

12  property" as a proximate result of the alleged racketeering activity.  *Holmes v. Securities*

13  *Investor Protection Corp.,* 503 U.S. 258, 268 (1992).  In other words, RICO standing requires

14  compensable injury and proximate cause.  *Newcal Industries, Inc. v. Ikon Office Solution,* 513

15  F.3d 1038, 1055 (9th Cir. 2008).

16  Here, Defendant alleges neither an enterprise, nor a pattern or racketeering activity, and

17  does not allege cognizable injury or causation.  Defendant's overestimation of the value of the

18  moshi.com domain name is not a cognizable injury.  Defendant does not allege that he lost

19  specific opportunities to sell the domain name to another buyer for a higher price.  There is no

20  authority to recognize the theory that Defendant's property suffered an actual decline in value –

21  caused by an allegedly false offer – by virtue of a legal cloud over his right to the domain name.

22  There is no proximate causation between the allegedly false representations in the offer from

23  Plaintiff's representative and the valuation of the domain name.

24  Second, Defendant has failed to allege a cognizable RICO enterprise because his

25  allegations of the underlying conduct are based upon actions from an employee and her

26  employer.  As such, they cannot form the basis for a cognizable RICO enterprise.  *See In re*

27  *Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Products Liability*

28  *Litigation*, --- F. Supp. 2d ---, 2011 WL 6004569, at *17 (C.D. Cal. Nov. 30, 2011).  Neither

can a parent and its subsidiary form a RICO enterprise, playing distinct roles in the allegedly unlawful activity. *See Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994).

Third, Defendant has failed to allege a pattern of racketeering activity as there is no allegation of at least two such predicate acts within a ten-year period. 18 U.S.C. § 1961(5).

Accordingly, the Court finds that Defendant has not sufficiently alleged a viable civil RICO counterclaim and GRANTS Plaintiff's motion to dismiss that claim.

**3.     Fraud and Deceit.**

Defendant claims to have suffered an injury as a result of Plaintiff's representative's false representations to purchase the domain name. "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." *See* Cal. Civ. Code § 1709. Again, the Court finds that Defendant has failed to allege plausible damage as a result of the unsuccessful offer to purchase his domain name. There is no authority to recognize the theory that Defendant's property suffered an actual decline in value – caused by an allegedly false offer – by virtue of a legal cloud over his right to the domain name. Defendant also fails to allege how he justifiably relied on the alleged misrepresentations to his financial detriment.

Accordingly, the Court finds that Defendant has not sufficiently alleged a viable counterclaim for fraud and deceit and GRANTS Plaintiff's motion to dismiss that claim.

**4.     Reverse Domain Name Hijacking.**

In order to state a claim for reverse domain name hijacking, the domain name registrant must allege that his domain name "has been suspended, disabled, or transferred." 15 U.S.C. § 1114(2)(D)(v). Defendant admits that his domain name has not been shut down, but only that it has been "effectively and knowingly disabled." (Opp. Br. at 13.) He further argues that it was the lawsuit itself that created a cloud on his title to the domain name, "effectively disabling it from transfer for its full market value." (*Id.*) However, because a claim for reverse hijacking requires that the domain name actually be suspended, disabled or transferred, Defendant cannot make out such a cause of action.

United States District Court

For the Northern District of California

Accordingly, the Court finds that Defendant has not sufficiently alleged a viable counterclaim for reverse domain name hijacking and GRANTS Plaintiff's motion to dismiss that claim.

### 5.     Abuse and Assault.

Although it is not clear from the amended counterclaims, Defendant contends that, by his fifth counterclaim, he attempts to plead a cause of action for abuse of process.  Defendant alleges that "Plaintiff's filing of the Complaint constitutes abuse and assault pursuant to applicable state law, because the Complaint was filed for the unauthorized purpose of seeking to acquire a domain name that Plaintiff knew it had, and continues to have, no legitimate rights to procure through legal process."  (Amended Counterclaims at 20.)

However, the mere filing of a complaint does not suffice to constitute abuse of process.  *See, e.g., Ramona Unified School Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 522 (2005) (abuse of process claim cannot rest of merely seeking court ruling).  As there are no other facts, beside the filing of the complaint, to support this claim, the Court finds it is without merit.

Accordingly, the Court finds that Defendant has not sufficiently alleged a viable counterclaim for abuse and assault and GRANTS Plaintiff's motion to dismiss that claim.

### 6.     Unfair Competition.

Defendant asserts that Plaintiff's "fraudulent and willful misconduct constitutes unfair competition under applicable state and federal common law, and pursuant to Cal. Bus. & Prof. Code Section 17200 *et seq.*"  (Amended Counterclaims at 21.)  Defendant fails to plead a cause of action under California common law, for "'passing off' one's good as those of another."  *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1263 (1992); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1148 (9th Cir. 2008) (affirming dismissal of common law unfair competition cause of action for failing to allege passing off).  In addition, Defendant's asserted claim under Section 17200 fails because it rests on his other deficient causes of action.  *See*

United States District Court

For the Northern District of California

7

United States District Court

For the Northern District of California

1    *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 853 (2002) (dismissing unfair competition

2    cause of action where it rests on other deficient causes of action).[1]

3         Accordingly, the Court finds that Defendant has not sufficiently alleged a viable

4    counterclaim for unfair competition and GRANTS Plaintiff's motion to dismiss that claim.

5    **C.**      **Legal Standard on Special Motion to Strike.**

6         California's anti-SLAPP statute provides a mechanism for a party to strike civil actions

7    brought primarily to chill the exercise of free speech. Cal. Code Civ. Proc. § 425.16(b)(1); *see*

8    *also Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002).

9         Section 425.16 provides, in relevant part:

10      A cause of action against a person arising from any act of that person in
      furtherance of the person's right of petition or free speech under the United

11      States or California Constitution in connection with a public issue shall be
      subject to a special motion to strike, unless the court determines that the plaintiff

12      has established that there is a probability that the plaintiff will prevail on the
      claim.

13

     As used in this section, 'act in furtherance of a person's right of petition or free

14      speech under the United States or California Constitution in connection with a
      public issue' includes: (1) any written or oral statement or writing made before a

15      ... judicial proceeding, or any other official proceeding authorized by law....

16    Cal. Code Civ. Proc. §§ 425.16(b)(1); 425.16(e).

17         A special motion to strike a SLAPP suit involves a two-step analysis. First, the court

18    must decide whether the party has made a threshold showing that the challenged cause of action

19    is one "arising from" protected activity. *See, e.g., City of Cotati v. Cashman*, 29 Cal. 4th 69, 76

20    (2002). The party may meet this threshold burden by showing that the act which forms the

21    basis for the cause of action was a written or oral statement made before a judicial proceeding.

22    *See Church of Scientology of California v. Wollersheim*, 42 Cal. App. 4th 628, 646 (1996).

23    Courts examine the "principal thrust or gravamen" of the claims at issue to determine whether

24    they arise from protected activity. *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th

25    90, 103 (2004). "Where a cause of action alleges both protected and unprotected activity, the

26

27       [1] Defendant's reference in his Opposition Brief to Section 43(a)(1)(B) to the Lanham
   Act, 15 U.S.C. § 1125(a)(1)(B), which addresses false advertising, is both unmentioned in

28    his amended counterclaims and irrelevant in this context. (Opp. Br. at 15.) There are no
   allegations of false descriptions of fact "in connection with any goods or services" made "in
   commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B).

United States District Court

For the Northern District of California

1  cause of action will be subject to section 425.15 unless the protected activity is 'merely

2  incidental' to the unprotected conduct."  *Id*. (quoting *Scott v. Metabolife Int'l, Inc.*, 115 Cal.

3  App. 4th 404, 419 (2004)).

4          If the moving party establishes a prima facie case that the claims arise from protected

5  activity, the burden then shifts to the non-moving party to establish a probability that he will

6  prevail on the claim.  *Wollersheim*, 42 Cal. App. 4th at 646; *see also Cotati*, 29 Cal. 4th at 76.

7  In making its determination, the trial court is required to consider the pleadings and supporting

8  and opposing affidavits stating the facts upon which liability or defense is based.  *See* Cal. Code

9  Civ. Proc. § 425.16(b).

10  **D.        Plaintiff's Special Motion to Strike.**

11          **1.        Threshold Burden of Demonstrating Challenged Claims Arise From
                        Protected Activity.**

12

13          The constitutional right to petition includes the basic act of filing a complaint and is thus

14  protected activity under Section 425.16.  *See Briggs v. Eden Council for Hope and Opportunity*,

15  19 Cal. 4th 1106, 1115 (1999); *see also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058-59 (2006)

16  (holding that the act of filing an allegedly false declaration of service of process was

17  communicative).  Filing a lawsuit is a core protected activity.  *See Navallier v. Sletten*, 29 Cal.

18  4th 82, 90 (2002).  Defendant's fifth counterclaim is based exclusively on the fact that Plaintiff

19  filed the original lawsuit.

20          **2.        Burden of Demonstrating a Probability of Prevailing on Merits.**

21          As Plaintiff has made the threshold showing, the burden shifts to Defendant to establish

22  a probability of prevailing at trial.  *See Wollersheim*, 42 Cal. App. 4th at 646.  Defendant, here,

23  need not prove the challenged claims.  "Rather, the court considers whether the [non-moving

24  party] has made a prima facie showing of facts based on competent admissible evidence that

25  would, if proved, support a judgment in [his] favor."  *Mann*, 120 Cal. App. 4th at 105.  The non-

26  moving need only establish the challenged cause of action has "minimal merit."  *Navellier,* 29

27  Cal. 4th at 94.  Moreover, where a party "can show a probability of prevailing on any part of its

28  claim, the cause of action is not meritless and will not be subject to the anti-SLAPP

United States District Court

For the Northern District of California

procedure.... [O]nce a [party] shows a probability of prevailing on any part of its claim, [that party] has established that its cause of action has some merit and the entire cause of action stands." *Mann*, 120 Cal. App. 4th at 106 (emphasis in original); *see also Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001) ("a SLAPP motion, like a summary judgment motion, pierces the pleadings and requires an evidentiary showing") (emphasis in original).

Despite the fact that Defendant here only needs to establish that his state law counterclaims for abuse of process and unfair competition have "minimal merit," he has not met this burden.  As demonstrated in this Order, the Court finds that Defendant's counterclaims for both abuse of process and that portion of the unfair competition claim that is premised upon the mere filing of the original complaint have no merit and have been dismissed on the merits.

Accordingly, the Court GRANTS Plaintiff's motion to strike Defendant's state-law counterclaims for abuse of process and that portion of the unfair competition claim that is premised upon the mere filing of the original complaint.

**3.      Claim for Attorneys' Fees.**

The California Legislature passed the anti-SLAPP statute to explicitly recognize "the public interest to encourage continued participation in matters of public significance ... and [found] that this participation should not be chilled through abuse of the judicial process." *Metabolife*, 213 F. Supp. 2d at 1221 (citations omitted).  Thus, in order to deter such chilling, a prevailing party on a special motion to strike shall be entitled to recover his reasonable attorney's fees and costs.  *Id.* (citing Cal. Code Civ. Proc. § 425.16(c)).

The Court is compelled to award reasonable attorneys' fees and costs to the prevailing party.  Defendant's contentions about Plaintiff's failure to meet and confer on the issue of fee recovery are inapposite.  The prevailing party "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986).  An award of attorney fees and costs must be reasonable. "[S]ection 425.16 similarly authorizes an award of *reasonable* attorney fees to the prevailing party, irrespective of whether the prevailing party is the plaintiff or the defendant.  The right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately

compensates them for the expense of responding to a baseless lawsuit." *Robertson v. Rodriguez,* 36 Cal. App. 4th 347, 362 (1995) (emphasis in original).  Accordingly, Plaintiff shall submit, by no later than April 20, 2012, a declaration setting out the amount of fees and costs expended in relation to the subject matter of the special motion to strike.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to dismiss the amended counterclaims and GRANTS Plaintiff's special motion to strike.

**IT IS SO ORDERED.**

Dated:   April 6, 2012

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

11