IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEVOE CORPORATION,<br>a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>STANLEY PACE,<br><br>        Defendant. | No. C 11-03215 JSW<br><br>**PACE'S NOTICE OF MOTION AND MOTION FOR STAY; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date:        August 10, 2012<br>Time:       9 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:      Jeffrey S. White |

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

-1-

**PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT**
Case No. CV 11-03215-JSW

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION………………………………………………….5

MEMORANDUM OF POINTS AND AUTHORITIES……………………………….5

BACKGROUND FACTS……………………………………………………………...5

STATEMENT OF ISSUES……………………………………………………………9

SUMMARY OF ARGUMENT………………………………………………………. 9

ARGUMENT………………………………………………………………………..… 9

    I.      THE COURT SHOULD CONFIRM APPELLATE STAY……………………10

    II.     IF THE COURT DOES NOT CONFIRM APPELLATE STAY, THE COURT
          SHOULD GRANT DEFENDANT'S REQUEST FOR
          A STAY OF THE PROCEEDINGS PENDING APPEAL……………………..11

    III.    IF THE COURT DOES NOT GRANT DEFENDANT'S REQUEST
          FOR A STAY OF THE PROCEEDINGS PENDING APPEAL,
          THE COURT SHOULD TEMPORARILY STAY THE PROCEEDINGS
          PENDING A MOTION FOR A STAY TO BE FILED WITH
          THE COURT OF APPEALS……………………………………………………18

CONCLUSION………………………………………………………………………….19

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

-2-

**PACE'S MOTION FOR A STAY;**
**MEMO OF P&A IN SUPPORT**
Case No. CV 11-03215-JSW

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Batzel v. Smith*, 333 F.3d 1018……………………………………………………………15, 17

*Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672 (9th Cir. 2005)……………………15

*Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 (9th Cir. 2007)……….7

*Casey v. Albertson's Inc.*, 362 F.3d 1254 (9th Cir. 2004)…………………………………..10

*Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412 (9th Cir. 1998)….15

*David Beckham v. Bauer Publishing Company, L.P. et al.*, Nos. 11-554441 & 11-56010 (Apr. 19, 2012)……………………………………………………………15-17

*Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972)……………………………………12

*Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *rev'd on other grounds by statute*……………………………………………………………………………..12

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)…………………………9

*Guifu Li v. A Perfect Franchise, Inc.*, 5:10-CV-01189-LHK, 2011 WL 2293221 (N.D. Cal. June 8, 2011)……………………………………………….10

*Hilton v. Braunskill*, 48 U.S. 770 (1987)……………………………………………………9

*In re McKenzie*, 180 U.S. 536 (1901)………………………………………………………19

*Landis v. North Am. Co.*, 299 U.S. 248, 254–255 (1936)……………………...…………11

*Leiva-Perez v. Holder*, No. 09-71636, 2011 WL 1204334 (9th Cir. Apr. 1, 2011)………….9

*McClutchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731 (9th Cir. 1982), *cert. denied*, 459 U.S. 1071 (1982) …………………………9

*Natural Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163 (9th Cir. 2001)……………..9

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

-3-

**PACE'S MOTION FOR A STAY;**
**MEMO OF P&A IN SUPPORT**
Case No. CV 11-03215-JSW

**Page(s)**

*Nken v. Holder*, 556 U.S. 418, 419 (2009)……………………………………………………………………………………9

*Rivers v. Walt Disney Co.*, 980 F.Supp. 1358 (C.D. Cal. 1997)………………………………..11

*Scanlon v. Atascadero State Hosp.*, 677 F.2d 1271 (9th Cir. 1982)……………………………11

*Scott v. Eversole Mortuary*, 522 F.2d 1110 (9th Cir. 1975)……………………...…………..11

*Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4 (1942)………………………..………………19

*Swint v. Chambers County Comm'n*, 514 U.S. 35 (1995)………………………..…………..7

*Synagogue v. U.S.*, 482 F.3d 1058 (9th Cir. 2007)………………………..………………15

*Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097 (9th Cir. 2003)………………………..………….15

**RULES**

Fed. Rule App. Proc. 8(a) ……………………………………………………………………19

Federal Rule of Civil Procedure 12(b)(6) ……………………………………………………15

Rule 27-2, U.S. Ct. of App. 9th Cir. Rule 27-2, 28 U.S.C……………………………………19

**STATUTES**

28 U.S.C. Section 1651………………………………………………………………………..19

**OTHER AUTHORITIES**

*Grundfos A/S v. Bridge Port Enterprises Limited*, WIPO Case No. D2008-1263, 2008 WL 5194706, at *10 (UDRP-ARB Nov. 25, 2008)……………………………………………………6

§ 3911 Finality—Collateral Orders, 15A Fed. Prac. & Proc. Juris. § 3911 (2d ed.)…………12

§ 2901 History of Rule, 11 Fed. Prac. & Proc. Civ. § 2901 (2d ed.) …………………………11

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

-4-

**PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT**
Case No. CV 11-03215-JSW

## NOTICE OF MOTION AND MOTION

DEFENDANT PACE HEREBY GIVES NOTICE that it hereby moves the Court to formalize a stay of all proceedings in this action; and in the alternative, if the Court does not confirm appellate stay, then Pace hereby requests that the Court grant a stay of the proceedings pending appeal, or at least temporarily stay the proceedings pending a motion for a stay to be filed with the United States Court of Appeals for the Ninth Circuit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND FACTS

This case centers upon the *moshi.com* domain name, owned by Defendant since 2007. Beyond dispute, the word "Moshi" (or "moshi") has many inherent valuable meanings and uses entirely unrelated to Plaintiff's business, and which have long predated Plaintiff's existence. Moshi is the capitol of the Kilimanjaro Region of Tanzania, *e.g.*, Pace's Answer and Am. Counterclaims ("FAC") ¶ 14, a city of more than 500,000 people, including several universities. *E.g.*, http://en.wikipedia.org/wiki/Kilimanjaro_Region. Moshi is also a common greeting in Japanese, akin to hello, and a common word with several different dictionary meanings in Chinese. FAC ¶¶ 13, 34, 41, 63. The domain name is claimed by Plaintiff due to its U.S. trademark registration for accessories and peripherals for computers and portable electronic devices, such as USB hubs.

*Moshi.com* was first registered in 1996, *nine years* before Plaintiff existed. (Compl. ¶ 14). It has been used to provide search functionality and display relevant content to Internet users since at least November 2007. Defendant Pace is a domain name investor. Domain investment is a legitimate, multi-billion dollar business. *See, e.g.*, *Grundfos A/S v. Bridge Port Enterprises Limited*, WIPO Case No. D2008-1263, 2008 WL 5194706, at *10 (UDRP-ARB Nov. 25, 2008) ("It is possible for use of a domain name for a parking site with advertising revenue generating sponsored links to provide a legitimate interest within the meaning of [the Uniform Dispute Resolution Policy promulgated by the Internet Corporation for Assigned Names and Numbers]. For example, if a respondent intends to profit from the descriptive nature

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
-5-
PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

of the word or words in the domain name without intending to take advantage of a complainant's rights and reputation in that term, then it may have a legitimate interest in the domain name…" ).

Defendant Pace owns more than 10,000 domains corresponding directly to city names throughout the world, and tens of thousands of other domains generally relevant to non-English speakers. *Cf.* Pace's Memo. in Opp. To Aevoe's Special Motion to Strike ("Dckt. # 28"), at 2 n.1. Pace has received many significant offers to purchase the *moshi.com* domain, indicating its inherent value without regard to Plaintiff's trademark. *E.g.*, Dckt. #28, at 3, ll. 3-4. The domain name market for geographic domains indicates a high inherent value for the *moshi.com* domain. *E.g.*, *Id.*, at 3, ll. 20-21.

Plaintiff has provided no evidence of trademark infringement or cybersquatting via Defendant's registration and use of the moshi.com domain name. In May 2007, Aevoe first applied to register MOSHI with the USPTO, based on alleged use since October 2005, and was refused due to a senior user of the MOSHI mark for wireless communications services. *E.g.*, Pace's Mem. in Opp. to Avoe's Motion to Dismiss Am. Counterclaims ("Dckt. #27), at 8. Aevoe tried to overcome the refusal but failed. *Id.* It filed another application in 2009 and, despite the PTO's prior refusal, swore that it was unaware of any likelihood of confusion. *Id.* During its prosecution, the PTO made Aevoe aware that the term "Moshi" is a geographical location in Tanzania and has meanings in foreign languages. *Id.*, at 3, l. 16; *id.*, at 8, l. 13. Nevertheless, Aevoe was granted a trademark registration for MOSHI, covering "Accessories and peripherals for computers and portable electronic devices, namely, input devices for computers, electronic memory card readers, computer cables, USB hubs, mouse pads, notebook computer cooling pads, protective cases and covers, and screen protectors," Class 9, where the Examiner expressly included the statement "Translation: The wording "MOSHI" has no meaning in a foreign language." U.S. Reg. No. 3,786,992.

Aevoe then used undercover agents to try and purchase the domain name from Defendant under false pretenses, rather than asserting it believes it has a legal right to the domain name. Dckt. # 28, at 2-3. Aevoe's misrepresentations re-confirmed that sale of Pace's generic domain

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104

-6-

PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

in the open-market was legitimate. Aevoe's agent admitted that "Moshi" means hello in Japanese, Dckt. #27, at 4, l. 19, and that the domain name is worth at least $85,000. Dckt. # 28, at 2, l. 15 (citing Rodenbaugh Decl., Exh. A). Pace responded that he would not be willing to accept less than six figures. Dckt. #27, at 4, *ll. 25-26; Id.*, at 5, *l.* 1. Pace lost opportunities to sell the domain name with knowledge of true and material facts. *Id.*, at 5, *ll.* 14-15. Now that Plaintiff has commenced a federal action containing false allegations of cybersquatting and infringement, Pace cannot sell the domain name at its true market value because a cloud hangs over the title. *Id.*, at 9, *ll.* 22-25; *Id.*, at 10, *ll.* 1-3. This effectively disables the domain name until he gets a judgment of non-infringement. *E.g.*, Pace's Memo. in Opp. to Aevoe's Special Motion to Strike ("Dckt. # 28"), at 3, *ll.* 12-21.

When a motion to strike under the Anti-SLAPP statute is granted, the order is immediately appealable. The dismissal of Pace's state law counterclaims are considered so inextricably intertwined that the Ninth Circuit will hear those claims on appeal as part of pendant appellate jurisdiction. *E.g.*, *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 (9th Cir. 2007) ("A court may exercise pendent appellate jurisdiction over rulings that do not independently qualify for interlocutory review only if the rulings are inextricably intertwined with, or necessary to ensure meaningful review of, decisions that are properly before the court on interlocutory appeal.") (*citing Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995)).

If Plaintiff knows it has no legitimate rights to property, but uses judicial process to try and acquire such property, then abuse of process has occurred under California state law. *E.g.*, Dckt. #28, at 4, *ll*. 1-3. Defendant alleges that Plaintiff filed this lawsuit to try and intimidate him into turning over his property for less than it is worth. *E.g., id.*, at 5, *ll.* 2-9. Plaintiff knows it has no legal right to this domain name, superior to Defendant. *E.g.*, *id.*, at *ll*. 12-14; *Id., at 3, ll*. 4-10. Plaintiff's actions towards Defendant are the equivalent of extortion. *Id.*, at 4, *l*. 4. It is not the mere act of filing the complaint that gives rise to Pace's abuse and assault claim. It is what preceded the act of filing that gives rise to it: Plaintiff knew it had no rights to acquire the domain name, and thus tried to buy it in the open market. *Id.*, at 5, *ll.* 5-9. Once Plaintiff

**RODENBAUGH LAW**  
548 Market Street  
San Francisco, CA 94104

-7-

**PACE'S MOTION FOR A STAY;**  
**MEMO OF P&A IN SUPPORT**  
Case No. CV 11-03215-JSW

realized it was too expensive, its agents have tried to extort Defendant to sell it for less than its inherent market value. *Id.*  This is not protected speech, but abuse and assault. *Id.,* at 6, *ll.* 6-19.

When a company asserts trademark rights over a domain name, it naturally has a significant impact on the valuation of that property. *Id.*, at 5, *ll.* 21-23.  The concept of a legal cloud over property is an important concept to extend to domain names in the digital era, as domain names are valuable property (Dckt. # 27, at 9, ll. 21-26; *Id.*, at 10, ll. 1-4), both for trademark owners and for investors in generic and geographic names.

This case involves a generic and intrinsically valuable domain name. It is the name of a large city, and it has common meanings in foreign languages. It is consistent with Pace's broader domain name portfolio and business strategy. He is an investor in intrinsically valuable domain names.  Aevoe knew all of this before bringing this lawsuit, and thus has abused the process of this court, and has competed unfairly with Pace. *E.g.*, *Id.*, at 15, *ll.3-26.*

Yet, this Court has dismissed Pace's counterclaims, and so Pace has appealed that dismissal.  Those claims will turn on substantially overlapping facts and evidence as Plaintiff's claims against Pace, and will certainly involve the same witnesses.  Yet, Pace will not be able to receive discovery relevant only to counterclaims, as those have been dismissed.  If Pace is successful on appeal, then discovery will have to be taken again from the same witnesses, on much the same issues.  Furthermore, there would be two separate trials, instead of one.  This means separate pre-trial conferences, preparation of trial exhibits, and proposed jury instructions etc. This would be counterproductive for the parties, for the witnesses, and the Court.

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104

-8-

PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

## STATEMENT OF ISSUES

1. Whether Pace's notice of appeal stays all issues in this Court pending disposition of the appeal;

2. Whether the Court should exercise its inherent power to grant a stay in order to promote economy of time and effort for the Court, for counsel, and for the litigants; and/or,

3. Whether the Court should grant a temporary stay to afford Defendant an opportunity to seek a stay from the Court of Appeals.

## SUMMARY OF ARGUMENT

Defendant has appealed this Court's dismissal of all of Defendant's counterclaims, including claims for cancellation of trademark, unfair competition, and abuse of process. (Dckt. #40) (Notice of Appeal, Order on Motion to Strike, Order on Motion to Dismiss). Defendant's counterclaims, and thus Defendant's appeal, raises serious legal questions that overarch the entire case. If the notice of appeal does not amount to a "de facto" stay of all issues, then the Court should formally grant a stay because it will promote economy of time and effort for the Court, for counsel, and for the litigants.

Alternatively, the Court should grant a temporary stay to afford Defendant an opportunity to seek a stay from the Court of Appeals, as provide in F.R.A.P. 8. Any discovery or trial in the meanwhile likely must be duplicated shall the Court of Appeals grant relief.

## ARGUMENT

The notice of appeal amounts to a "de facto" stay of the issues on appeal. *Cf. Natural Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.") (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *McClutchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982), *cert. denied*, 459 U.S. 1071 (1982) ("[t]he filing of a notice of

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
-9-
PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

appeal generally divests the district court of jurisdiction over the matters appealed.").

To the extent Pace must qualify for a stay pending appeal, he must show a substantial case for relief on the merits on appeal, probable irreparable harm if no stay is granted, that the balance of the harms tips in favor of the stay, and that it is in the public interest. *Leiva-Perez v. Holder*, 640 F.2d 962, 966 (9th Cir. 2011) (*citing Nken v. Holder*, 556 U.S. 418, 419 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). It is <u>not</u> necessary for the moving party to demonstrate that success on the appeal is more likely than not. The moving party need only show that "his appeal raises serious legal questions, or has a reasonable probability or fair prospect of success." *Guifu Li v. A Perfect Franchise, Inc.*, 5:10-CV-01189-LHK, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011).

I. **THE COURT SHOULD CONFIRM APPELLATE STAY.**

Because it finally resolved all of Pace's claims, including claims for abuse of process and unfair competition going to the merits of Plaintiff's main claims, the Court's Order Granting Motion to Dismiss and Granting Special Motion to Strike (Dckt. #36) is an appealable final judgment pursuant to 28 U.S.C. § 1291. *E.g., Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258 (9th Cir. 2004) (finding that a ruling is final if it is a full adjudication of the issues and evinces finality) (citations omitted). Here, Defendant's counterclaims against Plaintiff center upon the deceptive and frivolous nature of Plaintiff's main claims. The court could not adjudicate Defendant's counterclaims for abuse of process and unfair competition without first considering the merits of Plaintiff's main claims. The parties and Court cannot proceed in this court without risk of duplicative expense and burden, unless and until the Ninth Circuit decides whether the counterclaims were properly dismissed. Therefore the order dismissing the counterclaims is a final and appealable order.

The Court dismissed Defendant's entire action against Plaintiff without any leave to amend (*Cf.* Dckt. # 27, at 16, *ll*.9-20), and did not indicate the decision was without prejudice. Order, at 11. It was clearly intended to dispose of all of Defendant's counterclaims. Failure to allow leave to amend (Order, at 2, *ll.* 24-27) supports an inference that the Court intended to

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
-10-
PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

make the order final. *Scott v. Eversole Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975). Furthermore, the Court's intention of finality is evinced by its express conclusion that amendment of the counterclaims could not save the Defendant's action. Order, at 2; *see, e.g.*, *Scanlon v. Atascadero State Hosp.*, 677 F.2d 1271, 1272 (9th Cir. 1982) ("Here, however, the ruling was on a ground not curable by amendment, and it is clear that the court intended to dispose of the action."), *vacated on other grounds*, 465 U.S. 1095 (1984).

A notice of appeal was timely filed on April 27, 2012, and was received by the Court of Appeals on the same day (Court of Appeals Docket # 12-15999) (Docketed 4/30/2012). Therefore, the Plaintiff's case is stayed pending appeal of the Order because it is an appealable final judgment on Defendant's counterclaims, and those counterclaims involve many of the same facts, evidence and witnesses relevant to Plaintiff's claims. To conduct discovery or other proceedings in the meanwhile would create the stark risk of duplicative litigation, which is unduly burdensome on the parties, witnesses and Court. The interest of judicial economy mandates a stay pending the outcome of Defendant's appeal, and thus the case was effectively stayed upon Defendant's filing the timely notice of appeal. *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997) ("Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency.").

**II.  IF THE COURT DOES NOT RECOGNIZE APPELLATE STAY, THEN THE COURT SHOULD GRANT DEFENDANT'S REQUEST FOR A STAY OF THE PROCEEDINGS PENDING APPEAL.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." § 2901 History of Rule, 11 Fed. Prac. & Proc. Civ. § 2901 (2d ed.) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–255 (1936)).

This Court has "inherent power to control the disposition of the causes on its docket in a

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

-11-

PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). For example, if reversal of the Court's Order is likely to vitiate subsequent trial court proceedings, it is in the interest of judicial economy to order a stay pending appeal. *E.g.*, *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *reversed on other grounds by statute* ("It follows from this that a trial court judge acts at great peril of reversal when he puts a party who has appealed from an order denying him pauper status to trial in the interim. Should the party proceed to trial and lose, the decision on the merits must be reversed if the appellate court holds that it was erroneously denied and if the party's chances to prevail were prejudiced by the denial.") (cited by § 3911 Finality—Collateral Orders, 15A Fed. Prac. & Proc. Juris. § 3911 (2d ed.)).

Furthermore, the scope of appeal remains to be determined by the Court of Appeals if this Court disagrees that a stay is appropriate. F.R.A.P. 8 (providing for immediate appeal, via motion to Ninth Circuit, of district court's denial of motion to stay). Moreover, this week the Plaintiff has moved the Ninth Circuit to dismiss the appeal for lack of jurisdiction. So the issue will be decided by the Ninth Circuit in due course, and at minimum the proceedings in this court should be stayed until the Ninth Circuit rules.

There is a risk of sufficient hardship to Defendant if the Plaintiff's case proceeds because the counterclaims that were dismissed are based on many of the same facts, evidence and witnesses central to Plaintiff's claims. Witnesses would need to be deposed twice instead of only once--and compelled to testify at trial twice instead of only once. These witnesses include not only the parties, including at least three combined witnesses, but also the former employee of Plaintiff (Ms. Daisy Chang) who is now a non-party witness, as well as witnesses to the value of Defendant's domain name, and the various inherent meanings of the word 'moshi' having nothing to do with Plaintiff. There is no justification for potentially requiring such duplication of time, effort and expense, when the parties can simply wait for the Ninth Circuit to rule on the appeal, and then proceed with the case with full knowledge of its scope.

There is a significant risk that the Court's Order may evade effective review if appeal

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104

-12-

PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

were to await final judgment on Plaintiff's claims, causing significant hardship to the Defendant. Furthermore, it is possible to decide the issues related to the counterclaims as accurately on immediate appeal as on appeal after complete development of the trial record on the Plaintiff's claims, whereas it is likely impossible for Defendant to completely develop a trial record that bears on his defense because the Court has dismissed counterclaims that negate Plaintiff's case in chief. Risks of delay and unnecessary expense are reduced by staying this case while the appeal is pending. Discovery should not have to be repeated on issues that could have been addressed as part of the same trial.

The Order dismissing all the counterclaims at this early stage, without providing Defendant any chance to amend in light of the Order, is too important to evade effective review, and too harsh to bear by Defendant until final judgment on Plaintiff's case. There is a significant risk in this case that if the Ninth Circuit finds reversible error, any proceedings in the meanwhile would be duplicated at great cost. If the infringement and cybersquatting claims move forward while appeal of the counterclaims is underway, and the Court's decision is reversed in whole or in part on the appeal, then the main case will have to be retried.

If Pace's counterclaims survive, all of Plaintiff's claims would be affected by a determination whether it engaged in the alleged tortious conduct. The claims of the Plaintiff and Defendant are not distinct in time and place and the factual issues are not sufficiently distinct. The counterclaims rose out of many of the same facts. Therefore, whether the stay is determined to be automatic or discretionary, a stay serves the interests of the parties, promotes judicial economy, and serves public policy.

Plaintiff will suffer no inequity if this case is stayed. Plaintiff claims to have been operating its business for more than five years, and yet never sought the *moshi.com* domain name until recently. U.S. Reg. No. 3,786,992. The domain has been registered since 2007 by Defendant Pace. This is further compelling reason to balance the equities in favor of a stay of proceedings during pendency of appeal. Defendant has done absolutely nothing in bad faith towards the Plaintiff.

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
-13-
PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

The Ninth Circuit has set a quick briefing schedule for the appeal, with briefing scheduled to complete this summer. Pace's opening brief is due by August 6, and it is not likely to seek an extension absent some exigent circumstance. This is roughly 70 days—hardly a significant period of time considering Plaintiff has managed to function without the domain purportedly for five years, almost the same amount of time as Defendant has owned it. Meanwhile the cloud on title to Defendant's property will continue to linger for as long as the matter is stayed. *E.g.*, Dckt. #27, at 13, *ll.* 23-24.

Defendant will suffer significant prejudice if the case is not stayed because some issues in the complaint and counterclaims are inextricably interwoven. If action on the counterclaims were allowed to go forward, then Defendant would lose the right to defend itself against the Plaintiff's case by demonstrating that trademark registration was fraudulently granted. *E.g.*, Pace's Mem. in Opp. to Avoe's Motion to Dismiss Am. Counterclaims ("Dckt. #27), at 8. Furthermore, if the case is remanded by the Ninth Circuit for an evidentiary hearing or discovery that Plaintiff intended to use this lawsuit to extort Defendant to turn over property that it knew it has no right to acquire through the legal process, then Defendant would be able to bring dispositive motions to dismiss Plaintiff's claims as it cannot be that Defendant is liable for infringement if Plaintiff is liable for threatening and bringing a baseless lawsuit.

Therefore, moving forward with expert discovery and trial preparation on Plaintiff's case -- when there is a serious chance that Defendant will be entitled to discovery to pursue counterclaims that would dispose of Plaintiff's claims -- will unnecessarily risk protracted litigation. We will know soon whether Pace may also pursue his case against Plaintiff. Plaintiff engaged in deceptive and protracted negotiations for nearly a year, and bid in the open market for the domain rather than bring a motion for injunctive relief. This proves there is no emergency or serious concern that a slight delay would cause undue prejudice to the Plaintiff. There is no reason to possibly risk having duplicative discovery pretrial work, and/or two separate trials on many of the same material facts.

There is a strong likelihood that the stay will avoid a potential waste of the litigants' and

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104

-14-

PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

this Court's time and resources. It is not economical to risk piecemeal litigation that will surely be avoided by waiting a relatively short period of time. There is no point in risking unnecessary and duplicative litigation when a brief stay of the underlying case will guarantee that there will be no such risk. 1A C.J.S. Actions § 329 (2008) ("Every court has inherent power to stay causes on its docket to avoid duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel.").

Furthermore, Defendant has a significant chance of success on appeal because dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Synagogue v. U.S.*, 482 F.3d 1058, 1060 (9th Cir. 2007). The District Court's conclusions of law are reviewed *de novo*. *Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). In addition, a district court's grant of a special motion to strike under California's anti-SLAPP statute, Cal. Civ. P. Code. S. 425.16, is also reviewed *de novo*. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir. 2003); *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005). The Court of Appeals may see the issues differently.

Under the current Ninth Circuit precedent, it is clear that Defendant has the right to immediately appeal from an interlocutory order under California's anti-SLAPP motion, pursuant to the collateral order doctrine. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003). While federal law controls the collateral order doctrine, the specific structure of the California anti-SLAPP statute mandates the application of the collateral order doctrine to anti-SLAPP orders. *Id.* ("Because California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court … will do so as well."). Under California law, *both* the granting *and* the denial of an anti-SLAPP motion are—expressly by statute—directly appealable orders. Cal. Code Civ. Proc. § 425.16(j). The decision of the California legislature to allow plaintiffs the right to directly appeal grants of anti-SLAPP motions was made to ensure that "the right to appeal would apply to motions granted or denied in order to assure that both the plaintiff and the defendant are given equal rights to appeal an adverse order." AB 1675, Am. Jud. Com. Rep., June 29, 1999.

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104

-15-

PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

The California Legislature's decision to make grants of anti-SLAPP motions directly appealable reflects two particular features of the anti-SLAPP law. First, the anti-SLAPP law is designed to provide both plaintiffs and defendants with prompt resolution of anti-SLAPP issues—not to leave appellate review of anti-SLAPP decisions pending for years. Second, mandatory costs and attorney's fees are immediately payable to a prevailing party on an anti-SLAPP motion. A failure to allow for direct appeal of the grant of an anti-SLAPP motion would, potentially, entitle a prevailing party to collect its fees, with no opportunity for the other to challenge the substantive ruling on the anti-SLAPP motion until final resolution of the action. Then the fees of the prevailing party on appeal might have to be recovered from an insolvent party to whom the other had originally paid attorneys' fees. A losing party on an anti-SLAPP motion might be required to pay the entirety of the other side's legal fees at once, without being able to recover such fees until final resolution of the action.

This is the point made by the attorneys for soccer star David Beckham in April before the Ninth Circuit Court of Appeals. *David Beckham v. Bauer Publishing Company, L.P. et al.*, Nos. 11-554441 & 11-56010 (Apr. 19, 2012) (consolidated) (Dckt. #26). Aeveo filed a motion to dismiss Pace's appeal on May 29, 2012, for lack of jurisdiction (Dckt. 5-1), much like the "Bauer" defendants-appellees have made in the *David Beckham* case. The Ninth Circuit will rule in that case in due course as it has been fully briefed.

Given the *Batzel v. Smith* decision, and the issue *sub judice* before the Court of Appeals and also is presented by Plaintiff's Ninth Circuit motion to dismiss, Defendant respectfully submits that this Court should at least grant a temporary stay. It is not in the interest of judicial economy to issue a ruling case that may be inconsistent with what the Court of Appeals decides. Even if this Court believes that the Ninth Circuit has not precisely spoken on the issue, the weight of precedent supports a conclusion applying the collateral order doctrine to a decision on a California anti-SLAPP motion. And the Ninth Circuit will soon clarify this point.

There are also certainly serious questions going to the merits as well. To be sure, Pace argued he should be entitled to discovery and to an evidentiary hearing before the Court rules on

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
-16-
PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

his special motion to strike. *E.g.*, Dckt. #28, at 6, *ll.* 21-26.  Furthermore, Pace put evidence before the Court that there are numerous registrations containing the term "hello" upon which the PTO could have denied registration by applying the doctrine of foreign equivalents. (Rodenbaugh Decl. in Support of Pace's Memo. in Opp. to Aevoe's Motion to Dismiss Counterclaims ("Dckt. #27-1"), at ¶ 2 & Ex. A); Dckt. #27, at 8, *ll.*18-24.  The Court dismissed this evidence without even addressing it in the Order, and found the allegation of the misrepresentation regarding the foreign meaning of the term to be immaterial, without any factual or legal support for such determination.  Order, at 4.  In addition, the Court did not rely on any precedent in the Ninth Circuit to support that the alleged misrepresentation of a prior rejection of the application is immaterial.  This despite evidence in this case that the examiner in fact, did not know of the prior registration of the same mark or it would have been cited, as it was cited previously by the Trademark Office when it initially rejected Plaintiff's application.  *Id.*; *Cf.* Dckt. #27, at 8 *ll.* 13-26.

With respect to whether a parent and its subsidiary can form a RICO enterprise, the Court relied on case law from the Second Circuit (Order, at 6), and it is not uncommon for there to be a split of authority between Circuits.  The allegations of the underlying conduct are not necessarily based upon actions from an employee and his/her employer where the parent company did not employ the person engaged in fraud over the wires.  *E.g.*, Dckt. # 27, at 12, *ll.* 6-12.

The Court also held that Defendant did not suffer a "cognizable injury" (Order, at 5) even though the Plaintiff's baseless assertion of legal rights plainly creates a legal cloud that effectively disables the domain name.  *E.g.*, Dckt. #27, at 13, *ll.* 23-24.  The Court cites no authority for the proposition that a claim for reverse domain name hijacking requires that the domain name technically be suspended, disabled or transferred, as opposed to being actually disabled because it cannot be transferred for its full market value.  *E.g.*, Dckt. #28, at 3, *ll.* 12-21.

As explained, Defendant alleged with great particularity how Plaintiff admitted it had no legal rights to the domain, and that only after it was not willing to purchase it for its true market value---in fact even participating in an auction but losing—did Plaintiff bring this action

RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
-17-
PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT
Case No. CV 11-03215-JSW

knowing it had no legal rights to do so, but with the malicious intent of shaking Pace down for the domain name. (Dckt. #28, at 5, *ll*. 2-14; *Id.*, at 3, *l.* 4.) As explained, this was not the mere filing of a complaint, but an abuse of legal process. (*Id.*, at 6, ll. 6-19.)

There certainly were facts, besides the filing of the complaint, alleged to support this claim, and Pace should be entitled to his day in Court to prove that his allegations entitle him to relief. At the very least, he should be able to take discovery and have an evidentiary hearing on the matter prior to having his claims dismissed as a matter of law under the anti-SLAPP statute. *E.g.*, Dckt. #28, at 6, *ll.* 21-26.

### III. IF THE COURT DOES NOT GRANT DEFENDANT'S REQUEST FOR A STAY OF THE PROCEEDINGS PENDING APPEAL, THEN THE COURT SHOULD TEMPORARILY STAY THE PROCEEDINGS PENDING A MOTION FOR STAY TO BE FILED WITH THE COURT OF APPEALS.

The Federal Rules of Appellate Procedure direct parties to request a stay first from the district court, and if denied then a request for stay may be taken directly to the court of appeals. Fed. Rule App. Proc. 8. While the power of a court of appeals to stay proceedings in the district court during the pendency of an appeal is not explicitly conferred by statute, it exists by virtue of the all writs statute, 28 U.S.C. Section 1651. And the Supreme Court has found the power "inherent," *In re McKenzie*, 180 U.S. 536, 551, 21 S. Ct. 468 (1901), and "part of its traditional equipment for the administration of justice. *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 9-10, 62 S. Ct. 875 (1942). Even if the Court is not inclined to recognize an automatic stay or grant a discretionary stay of the proceedings pending the outcome on appeal, particularly given that there is a motion on this issue now before the Ninth Circuit, Defendant respectfully requests that it be granted a temporary stay of these proceedings. Defendant requests seven days from the Court's order on this motion to file a motion to stay with the Ninth Circuit.

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

-18-

**PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT**
Case No. CV 11-03215-JSW

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court either recognize an automatic stay of the proceedings pending appeal, or alternatively exercise its power to grant a discretionary stay to grant a complete stay pending the outcome on appeal, or at least a temporary stay to afford Defendant time to request a stay from the Court of Appeals.

DATED: 1 June 2012                              Respectfully submitted,

                                                 _/Mike Rodenbaugh/_____

                                                 Michael Rodenbaugh
                                                 RODENBAUGH LAW
                                                 548 Market Street
                                                 San Francisco, CA 94104
                                                 (415) 738-8087 tel/fax
                                                 mike@rodenbaugh.com

                                                 Attorneys for Defendant Stanley Pace


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I caused the foregoing Motion to Stay, and Proposed Order filed herewith, to be served on opposing counsel via the court's ECF system.

Dated:      June 1, 2011                         RODENBAUGH LAW
                                                 By: _/s/ Mike Rodenbaugh____

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104
-19-
**PACE'S MOTION FOR A STAY;
MEMO OF P&A IN SUPPORT**
Case No. CV 11-03215-JSW